## COMMERCIAL SECURITIES CO., LTD., v. SMITH ET AL.

———

(January 27, 1930. Opinion and Decree.)
(February 17, 1930. Rehearing Refused.)
(March 31, 1930. Writ of Certiorari and Review Refused by Supreme Court.)

———

Wm. Winans Wall, of New Orleans, attorney for plaintiff, appellant.

H. W. Kaiser, Thos. Tomeny, John H. Hammel, Jr., of New Orleans, attorneys for defendants, appellees, Mrs. Louis Sallinger.

HIGGINS, J. Plaintiff brings this proceeding to quiet a tax title under the provisions of Act 101 of 1898, "after more than three years have elapsed from the recordation of the tax deed." There was judgment in favor of defendant, dismissing plaintiff's suit, and plaintiff has appealed.

The petition alleges that plaintiff is the owner of lots Nos. 11 and 12 in square 108 bounded by Mouton, Ridgley, Iberville, and Milne streets, in the second district of the city of New Orleans; that the said property was adjudicated to one Jos. A. Blum by Edward T. Drum, deputy commissioner of public finances of the treasury division of the city of New Orleans, in accordance with Act 119 of 1882 and Act 170 of 1898, for delinquent city taxes for the year 1923, when assessed in the name of Mrs. Louis Sallinger; that the adjudication was made at public sale on September 8, 1924; that on October 17, 1924, Edward T. Drum, in his official capacity, executed an act of sale of the property to Blum before a notary, and the act was duly recorded in the conveyance office at New Orleans on October 18, 1924; that Jos. A. Blum sold the property to plaintiff on April 8, 1926, by notarial act, which was duly recorded in the conveyance office in New Orleans; that Mrs. Louis Sallinger purchased the property from the New Orleans Land Company by notarial act dated December 3, 1913, which was duly recorded in the conveyance office in New Orleans; that the plaintiff has had actual physical possession of the said property for more than 3 years, and its tax titles thereto have been quieted and confirmed by prescription of 3 years, as provided in the Constitution of this state; and that plaintiff is entitled to judgment quieting and confirming its titles, in pursuance to the provisions of Act 101 of 1898.

Defendant denied the allegations of plaintiff's petition, averring that she has been in actual corporeal possession of the property from the time of its purchase by her; that, if the property was sold at any time for taxes, the defendant received no notice of delinquent tax or tax sale; that the defendant has been a resident of New Orleans for about 40 years, is well known, and that her husband's name is listed in the City Directory, so that her address was available for service of notice of delinquent tax or tax sale; that she had no knowledge of any sale until the present suit was filed against her; and that she paid the state taxes for 1923, and both the state and city taxes for the years of 1924, 1925, 1926, and 1927, respectively.

The record shows that these are vacant lots, located in the subdivision known as "Lakeview," and that they are not inclosed by any fence. The plaintiff's evidence as to possession consists of their representative Mr. Veith's statement that he had paid to have the grass cut on the lots on one occasion and that he had

placed on the lot a "For Sale" sign. However, we do not think it necessary to consider this evidence in deciding the case, as Act 101 of 1898 does not require the tax purchaser to take possession of the property.

The defendant and her husband testified that they frequently passed the lots in their automobile on their way to the residence of her sister in "Lakeview," about four blocks away, and on several occasions actually walked upon them; that on a number of occasions, about three or four times per year, they had the grass cut and paid a colored man for doing so; that they had purchased the lots with a view of erecting a residence on them, and were merely waiting until they were able to do so; that they never saw any "For Sale" signs on the property on the occasions of their visits, and they continuously paid both state and city taxes on the property since 1913, through 1927, with the exception of the city tax for 1923, and that they did not receive any notice of delinquency of the tax or the tax sale, although they were well known in New Orleans, and their name and address were readily available; that they did not receive any notice of the tax sale until this suit was filed. They are corroborated in their testimony that they had the grass cut by another witness.

The issue presented for decision is whether or not the defendant was in possession of the property after the tax sale in such a way as to defeat the prescription or peremption of 3 years claimed by the plaintiff.

We believe the case of Levenberg vs. Shanks, 165 La. 421, 115 So. 641, 642, is controlling in the present case. There the plaintiff brought suit to quiet a tax title to lots located in the Second district in the city of New Orleans, and one of the defenses urged against the 3-year prescription was possession by defendant of the property after the tax sale. The evidence produced by the defendant in support of this defense was to the effect that defendant's warrantor employed a surveyor to survey the tract of land and to subdivide it into lots and blocks and to make a plat of the same; that several years thereafter a Mr. Wirth, superintendent for the warrantor, occupied a portion of the tract of land as a home and lived there for many years; that the warrantor sold some of the platted lots out of the subdivision to various parties, including the defendant, who acquired the lots some 8 or 9 months after the tax sale, which was made some 18 years after the tract had been subdivided; that, during the 3 years in which prescription was running, the defendant made no attack on the tax sale and permitted the property to remain idle and vacant.

The court held:

"In our view, the first question that should be considered is whether the peremption of three years, pleaded by plaintiffs, has any application to this case. This peremption is established by section 11 of article 10 of the Constitution of 1921. The section, so far as is pertinent, reads as follows:

"'No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted within six months from service of notice of sale, which notice shall not be served until the time of redemption shall have expired and within three years from the date of the recordation of the tax deed, if no notice is given. * * *'

"It is obvious from this section, if the peremption established by it is applicable

to the facts of this case, that it bars every defense urged against the quieting of the tax title, save that of prior payment of the taxes for which the property was sold. But the peremption established by that section does not accrue when the owner, at the time of the tax sale, remains in possession of the property. His continuing in possession, notwithstanding the sale, is a continuous protest against the sale. This was so held under similar provisions in the Constitutions of 1898 (article 233) and 1913 (article 233), and the ruling is equally applicable under the provision contained in the present Constitution. Carey v. Cagney, 109 La. 77, 33 So. 89; Gauthreaux v. Theriot, 121 La. 872, 46 So. 892, 126 Am. St. Rep. 328; Charbonnet v. State Realty Co., Limited, 155 La. 1044, 99 So. 865; Fellman's Heirs v. Interstate Land Co., 163 La. 529, 112 So. 405. However, the possession here referred to is not the civil possession that springs from a title deed, nor the constructive possession that may follow when actual corporeal possession ceases. The possession here referred to, as said in Carey v. Cagney, supra, and as in effect held in Tensas Delta Land Co. v. Anders, 158 La. 94, 103 So. 522, is the corporeal detention of the property. No other possession than actual corporeal possession is sufficient to operate as a continuing protest against the tax title, and thereby prevent the peremption from accruing."

See, also, Tensas Delta Land Co. v. Anders, 158 La. 94, 103 So. 522.

Counsel for defendant complains that his client has exercised her right of possession of the lots as far as it was possible for an owner of vacant lots to do so, while plaintiff has stood by idly and permitted defendant to pay the taxes on the property for the years of 1924, 1925, 1926, and 1927, and cut the grass on them during this period, without plaintiff exercising any right of possession, and after the 3-year period of peremption, now seeks to take advantage of the defendant. This may be so, and the loss may fall heavily upon the defendant, but under the circumstances we are powerless to give the defendant any relief. It must be borne in mind that defendant knew she had to pay city and state taxes, as she had paid them from 1913 to 1922. Under the law she had one year within which to redeem the property after the tax sale. She could have protected herself against any irregularity in the tax sale, i. e., failure to give her notice of the tax delinquency by taking actual corporeal possession of the property after the tax sale, but she failed to do so.

As the defendant's evidence in this case shows that the defendant was not in actual corporeal possession of the lots after the tax sale, as prescribed by law, and did not attack the tax sale during the 3 years during which prescription was running, the peremption of 3 years pleaded accrued, and must be sustained as to all the defenses made by defendant on the tax title.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment of the district court be and it is annulled, avoided, and reversed, and it is now ordered that there be judgment herein in favor of the Commercial Security Company, Limited, plaintiff, and against the defendant, Mrs. Matilda Badeau, wife of Louis Sallinger, defendant herein, confirming and quieting plaintiff's title to the following described property, and recognizing it as the sole owner thereof, to-wit: Two certain lots of ground situated in the Second district of the city of New Orleans, designated as lots 11 and 12 of square 108, bounded by Mouton, Ridgley, Iberville, and Milne streets, and measuring each 25 feet front on Milne street by 129 feet in depth. It is further ordered that appellee pay all costs.