ZAHN v. FERRARO

———

(April 27, 1931. Opinion and Decree.)
(June 8, 1931. Rehearing Refused.)
(July 17, 1931. Writs of Certiorari and
Review Refused by Supreme Court.)

———

See, also, 131 So. 504.

Theo. Cotonio and Theo. Cotonio, Jr., of New Orleans, attorneys for plaintiff, appellant.

Fred G. Veith, of New Orleans, attorney for defendant, appellee.

JANVIER, J. Plaintiff seeks to quiet a tax title on the ground that more than three years have expired from the recordation of the tax deed which the sheriff executed in his favor. The suit is brought under the provisions of Act No. 101 of 1898.

The property involved consists of two lots of land in the city of New Orleans, numbered 11 and 12 in square 59 on the map of the New Orleans Land Company, measuring each 25 feet front on Wuerple street by a depth between parallel lines of 120 feet.

At the time of the tax sale the owner

was a resident of the city of New Orleans and it is conceded that no notice of the sale was given but it is claimed that petitioner "has had complete, corporeal, physical possession of said property for more than three years after said tax deed was registered in Conveyance Office, and that said tax title to said property has been quieted and confirmed by the prescription of three years."

Defendant denies that plaintiff has been in corporeal possession for three years and avers that the fact is that defendant himself or his author in title has "been in actual, corporeal, physical possession of the said property for many years prior to the pretended sale of the said property for the taxes due the state of Louisiana for 1922 and have been in actual, continuous possession to the present time."

It is conceded, as indeed it must be, that notwithstanding the tax sale and regardless of the fact that three years expired after that sale, nevertheless if the owner remained in possession of the property that possession constituted a continuous protest against the sale and prevented the running of the peremption established by section 11 of article 10 of the Constitution of the state of Louisiana of 1921. Commercial Securities Company, Ltd., v. Smith et al., 12 La. App. 499, 126 So. 997; Levenberg v. Shanks, 165 La. 421, 115 So. 641, 642.

The question presented then is one solely of fact: Did the former owner remain in possession to such an extent as to prevent the running of the peremption referred to.

The trial court held that the former owner had remained in possession and it is that judgment that we are asked to review.

The tax sale took place in 1923. Defendant claims that his author in title surveyed and fenced the property in September, 1924, and rebuilt the fence in 1929.

That the survey was made in 1924 cannot be denied, but the making of a survey does not constitute such an act of possession as will prevent the accrual of the three-year peremption. See Levenberg v. Shanks, supra, in which the Supreme Court after mentioning the fact that a survey had been made by the former owner, said:

"No other possession than actual corporeal possession is sufficient to operate as a continuing protest against the tax title, and thereby prevent the peremption from accruing."

But the building of a fence, if in fact one was built, would, we believe, constitute such corporeal possession as is referred to by the Supreme Court.

We can think of no more open or unequivocal act of possession than the erection of a fence to keep out intruders.

Therefore, the only question of fact is: Was a fence erected by the former owner? If so, the peremption has not accrued, if not, then plaintiff's tax title has been perfected by the passage of time.

As witnesses plaintiff produced himself and a Mr. Spies who lived near the property.

Plaintiff testified that he was on the property several times between the time of his purchase at tax sale and the time of the trial of this case below and, that he went there for the purpose of seeing what the actual, physical conditions were and that he found no fence at any time.

Mr. Spies testified that he was very familiar with the property; that he had picked blackberries on it on many occasions and that at no time had he found a fence thereon.

On behalf of defendant a former owner testified that a fence was erected in 1924 and in corroboration defendant produced a receipt for money paid to a carpenter on September 27, 1924, for erecting said fence. Plaintiff counters with the assertion that the receipt is not genuine and he maintains that it should not have been introduced in evidence but that the carpenter himself should have testified. However, defendant explains this omission on the ground that he was unable to locate the carpenter after so long a time. At any rate the receipt was not objectionable since it was introduced in connection with the testimony of the former owner, who identified it and stated that it had been given by the carpenter at the time.

The carpenter who erected the fence in 1929 testified that he found remnants of an earlier fence and in this he was corroborated by his assistant.

It would indeed be difficult to determine just what is the true fact with reference to the earlier fence were it not for the finding of our brother below who saw and heard the witnesses. It was to meet just such situations that our courts established the doctrine that findings of fact should not be disturbed on appeal unless manifestly erroneous. In view of the fact that the trial court has found in favor of defendant and because we are unable to say that that finding was manifestly erroneous, it is ordered, adjudged and decreed

that the judgment appealed from be and it is affirmed at the cost of appellant.

---

## ON MOTION TO DISMISS

In a motion filed in this court appellee suggests "that the plaintiff and appellant has failed to complete the transcript in the above entitled cause by failing to file the testimony of the defendant appellee" and asks that the appellant be ordered to show cause why he should not file the testimony or, why in the alternative, his appeal should not be dismissed.

We notice in the transcript the certificate of the clerk of the court a qua to the effect that the said transcript includes "all the pleadings, evidence and documents" so that we have no way of determining whether the statement of facts contained in the motion to dismiss is correct. Furthermore, we find that, under the Code of Practice, article 898, if the record is defective in the particular complained of by appellee, the appeal need not be dismissed but that the appellant may, even as late as the time fixed for argument, obtain further time to supplement the transcript.

We are, therefore, of the opinion that the appeal should not be dismissed at this time and when the matter is called for argument if it then appears that the transcript is deficient, it may be that it will be found necessary, by proper proceedings, to supplement it.

It is, therefore, ordered, adjudged and decreed that the motion to dismiss the appeal be and it is overruled.