McBRIDE, Judge.
This is a suit brought by plaintiff who seeks to quiet a tax title under the provisions of LSA-R.S. 47:2228 on the ground that more than five years have elapsed since the recordation of the tax deed which was executed in his favor by the State Tax Collector for the City of New Orleans.
The subject of the tax sale is the unimproved lot designated by the No. 33, Square 1427B, Third District of New Orleans, located in what is known as the Florida Subdivision; said lot is vacant and has never been enclosed by any fence.
Defendant in a reconventional demand seeks to have the tax title annulled on the ground that he was never served with a notice that the taxes for which the property was sold were delinquent. Plaintiff relies on his plea of peremption based on Sec. 11 of Art. 10 of the Const, of Louisiana of 1921, LSA, as amended, which so far as pertinent here reads as follows:
“No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted * * * within five years from the date of the recordation of the tax deed * *
Defendant contends that prior to, at the time of and since the tax sale he has had real and corporeal possession of the property and that his possession prevented the running of the peremption relied on by plaintiff.
It is conceded by the parties that notwithstanding the fact that five years have expired since the sale was recorded, nevertheless, if the tax debtor remained in possession of the property, his possession constituted a continuous protest against the sale and prevented the running of the per-emption established by Sec. 11 of Art. 10 of the Constitution of the State of Louisiana of 1921. Levenberg v. Shanks, 165 La. 419, 115 So. 641; Westover Realty Co., Inc., v. State, 208 La. 163, 23 So.2d 33; Di Giovanni v. Cortinas, 216 La. 687, 44 So.2d 818.
It is likewise conceded that the constitutional peremption applies to all tax sales except those excepted therein and those where the tax debtor remains in corporeal possession of the premises. The constitutional provision announces the public policy of this state to set at rest tax titles once and for all. King v. Moresi, 223 La. 54, 64 So.2d 841; Cortinas v. Murray, 224 La. 686, 70 So.2d 589.
The question posed by the case, then, is solely a factual one and that is whether the defendant, the tax debtor, retained such possession of the property as would serve to prevent the running of the prescription.
Defendant testified that he gave permission to the neighbor living next door to *92 use the lot for any purposes he wished, and that his neighbor cut the grass and planted onions on the rear of the lot “where there was no water.” The neighbor and his son testified that they never at any time planted anything on the lot because it was subject to overflow and was unfit for cultivation. They say the only thing they did was to cut the grass and weeds and store rubbish and old lumber on the lot which was burned as trash.
We do not believe that the uses to which plaintiff’s neighbor and licensee put the lot are sufficient to constitute such real and corporeal possession as the law would require to prevent the running of the per-emption provided by the Constitution with reference to the quieting of tax titles.
Our view is that the possession required to prevent the accruing of the five-year peremption for attacking a tax deed must be open, actual and corporeal, and of such a character as to be considered by the law a continuous protest against the tax sale; it should be of that character as would constitute the basis of the prescription of ten years. Board of Com’rs for Atchafalaya Basin Levee Dist. v. Sperling, 205 La. 494, 17 So.2d 720; Kuhn v. Sandefur, La.App., 28 So.2d 515.
In Commercial Securities Co., Limited v. Smith, 12 La.App. 499, 126 So. 97, we concluded that where the original owner visited the lots on several occasions, had the grass cut, and paid city and state taxes, there was not such a possession sufficient to defeat the peremption. The Supreme Court in Westover Realty Co., Inc., v. State, supra, held that the mere cutting of weeds and grass on land by the owner at the time of its adjudication for delinquent taxes or his visiting of the property on several occasions during the five-year period after the recordation of the tax deed would not suffice to defeat the peremption established by the Constitution. We said in Zahn v. Ferraro, 17 La.App. 167, 134 So. 289, that the making of a survey was not an act of possession, and the Court of Appeal for the Second Circuit held in Kuhn v. Sandefur, supra, that the annual gathering of figs from trees located on the property did not amount to a possession.
Defendant has failed to show possession, and whereas he did not attack the tax sale within the five years, the peremption pleaded by the plaintiff must be sustained as against the attack made by defendant on the tax title.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
REGAN, J., absent, takes no part.