O’NEILL, Chief Justice.
 

 This is an action to enjoin the Register of the State Land Office and the State Treasurer from permitting tax debtors whose lands have been adjudicated to the state for nonpayment of taxes to redeem their property, under the provisions of Act No. 161 of 1934, before the expiration of three years from the date of registry of the tax adjudication. The suit was dismissed on an exception of no cause or right of action; and the plaintiff, Police Jury of the Parish of Jefferson Davis, has appealed.
 

 Act No. 161 of 1934 allows one whose land was adjudicated to the state for nonpayment of taxes before the act was adopted, or one having an interest therein, except a judgment creditor, to redeem the property at any time before the end of September, 1935, by contracting to pay to the State Treasurer, in five equal annual installments, the amount of the taxes for which the land was adjudicated to the state. Under the provisions of section 62 of Act No. 170 of 189S (as amended by Act No. 175 of 1934), which is retained in force by Act No. 161 of 1934 after the period ending on the' last day of September, 1935, one who redeems land which was adjudicated to the state for nonpayment of taxes must pay to the State Treasurer the amount of the taxes and accrued interest and costs; plus 5 per cent, penalty, and interest at- the rate of 1 per cent, per month to the date of redemption. Under that statute the right of redemption will continue as long as the title to the property remains in the state.
 

 The plaintiff, Police Jury of the Parish of Jefferson Davis, alleges that the taxes due to the parish on lands adjudicated to the state in 1932, for unpaid taxes of .1931, amounted to $49,000, and that the taxes due to the parish on lands adjudicated to the state in 1933, for unpaid taxes of 1932, amounted to $63,000. The plaintiff contends that the parish, and its several taxing districts, will be deprived of a large part of these unpaid taxes, interest, and penalties, if a tax debtor is allowed to redeem his land under the provisions of Act No. 161 of 1934 before the expiration of three years from the date of registry of the adjudication to the state. It is alleged — and is admitted — that the Register of the State Land Office and the State Treasurer, who are charged with the duty of carrying out the provisions of Act No. 161 of 1934, are allowing redemptions to be made under the provisions of the statute, without regard for the three-year period of redemption provided for in section
 
 11
 
 of article 10 of the Constitution. These officers contend — and the district judge sustained the contention — that the three-year period of redemption provided for in section 11 of article 10 of the Constitution has reference only to tax sales made to purehas
 
 *67
 
 ers other than the state, and not to the adjudications which the tax collector makes to the state when there is no bid for the property offered for sale. That interpretation of section 11 of article 10 of the Constitution is correct. The section, as amended pursuant to Act No. 147 of 1932, provides:
 

 “There shall be no forfeiture of property for the non-payment of taxes, but at the expiration of the year in which said taxes are due, the collector shall, without suit, and after giving notice to the delinquent in the manner provided by law, advertise for sale * * * the property on which the taxes are due in the manner provided for judicial sales, and on the day of sale he shall sell such portion of the property as the debtor shall point out and in case the debtor shall not point out sufficient property, the collector shall, at once and without further delay, sell the least quantity of property which any bidder will buy for the amount of taxes, interest and costs. The sale shall be without appraisement and the property sold shall be redeemable at any time during three years from date of recordation of the tax sale, by paying the price given, including costs and five per cent penalty thereon, with interest at the rate of one per cent, per month until redeemed.”
 

 The context of this section in the Constitution, particularly the declaration that “the sale shall be without appraisement,” and that the property sold shall be redeemable “by paying the price given,” etc., leaves no doubt that reference is had only to a “tax sale,” properly so called, and not to an adjudication made to the state for want of a bidder. In fact, there is no reference in the Constitution to an adjudication of property to the state for nonpayment of taxes, except the declaration that there shall be no forfeiture of property for nonpayment of taxes. Adjudications to the state are provided for in section 53 of Act No. 170 of 1898, as amended by Act No. 235 of 1928, thus: “provided, that the bid to be accepted shall be, at least, equal to the taxes and costs and interest; otherwise the tax collector is hereby authorized to bid in said property for the State,” etc. There is no limitation in the Constitution upon the authority of the Legislature to say what disposition shall be made of property adjudicated to the state for nonpayment of taxes. It was virtually so held in Gamet’s Estate v. Lindner, 159 La. 658, 106 So. 22, and in St. Bernard Syndicate v. Grace, Register of State Land Office, 169 La. 666, 125 So. 848. Section 11 of article 10 of the Constitution is an amended reproduction of article 233 of the Constitution of 1913, which bore the same number in the Constitution of 1898, and was an amended reproduction of article 210 of the Constitution of 1879, which declared: “The sale shall be without appraisement, and the property sold shall be redeemable at any time for the space of one year, by paying the price given, with twenty per cent and costs added.” And the decisions of this court were to the effect that that declaration had reference only to tax sales made to purchasers other than the state, and not to adjudications made to the state for want of a bid. Martinez v. State Tax Collectors, 42 La. Ann. 677, 7 So. 796: Breaux v. Negrotto, 43 La. 426, 9 So. 502; Smith v. City of New Orleans, 43 La. Ann. 726, 9 So. 773.
 

 The judgment is affirmed.