**3 So.2d 900**

**PERRIN v. KEVLIN, Tax Collector.**

**No. 36251.**

June 30, 1941.

Rehearing Denied July 18, 1941.

Allen B. Pierson, of Ponchatoula, for appellant.

Reid & Reid, of Hammond, for appellee.

FOURNET, Justice.

Plaintiff's property having been adjudicated to the Town of Ponchatoula for nonpayment of taxes due thereon for the year 1931 and having been redeemed by him on December 31, 1938, under the provisions of Act No. 47 of 1938, he brought this suit against the tax collector for the town to recover the taxes paid by him on this property for the year 1938 under protest. From a judgment dismissing the suit on exceptions of no cause and no right of action, filed by the tax collector, the plaintiff has appealed.

The basis of plaintiff's suit is that no taxes were due on this property for the year 1938 for the reasons, as alleged in his petition: "First; That under the general laws of the State of Louisiana, said property having been in the name of the Town of Ponchatoula on January 1st, 1938, and throughout said year until the date of redemption, viz: December 31st, 1938, the same could not legally be assessed to anyone for that year. Second: That under the provisions of Act 47 of 1938, Section 2, the property so redeemed should be placed on the assessment roll on January 1st, after the redemption had been effected * * *."

Act No. 47 of 1938, as shown by its title, is an act authorizing the redemption of property adjudicated to the state or any of its political subdivisions (the City of New Orleans excepted) for the nonpayment of taxes for the year 1936, or any previous years, from the effective date of the act until twelve noon on December 31, 1938, upon proof that the amount of the actual taxes for which the property was previously adjudicated had been paid. The act provides that upon the redemption of such property the state shall issue a certificate cancelling the taxes assessed and levied for all of the years subsequent to the date of the adjudication, but contains the further provision that *"such cancellation shall not affect taxes assessed and levied for years subsequent to the year 1937, it being the intent of this Act that taxes levied for the year 1938 and subsequent years shall be due and payable as provided by law* * * *."* Section 2. (Italics ours.)

Without the adoption of Act No. 47 of 1938 plaintiff could not have redeemed the property without paying, in addition to the taxes for which the adjudication of the property had been made, all of the taxes due for the years intervening and including the year in which the redemption was effected. But, as pointed out in the case of Police Jury of Parish of Jefferson Davis v. Grace, 182 La. 64, 161 So. 22, 23, "There is no limitation in the Constitution upon the authority of the Legislature to say what disposition shall be made of property adjudicated to the state [or any of its subdivisions] for nonpayment of taxes. * * *" (Brackets ours.)

consequently, the plaintiff in this case is without right to complain that one of the conditions imposed upon the privilege granted him to redeem his property is that he pay the taxes thereon for the year 1938.

For the reasons assigned, the judgment appealed from is affirmed, at appellant's cost.