On Rehearing
 

 PONDER, Justice.
 

 The property involved in this suit was adjudicated tO’ the State in 1934 for the nonpayment of the 1932 taxes assessed in the name of Philip Romano, the then registered owner. A patent was issued conveying this property to Warren A. Doll, who successfully bid it in at public auction on September 7, 1946 in accordance with the provisions of Act No. 237 of 1924, as amended. A suit was instituted and carried on contradictorily with a curator ad hoc, appointed to represent Romano and his heirs, under the provisions of Act No. 106 of 1934 and a judgment was rendered on July 8, 1947 purporting to quiet Doll’s title to the property. Shortly thereafter Joseph T. Meyer agreed to purchase this property from Doll. Upon the refusal of Meyer to accept the title, this suit was instituted by Doll to compel the specific performance of the contract. Upon trial the lower court gave judgment ordering Meyer to specifically
 
 *451
 
 perform his contract. Meyer appealed from the judgment to this Court and, on hearing of the appeal, this Court annulled the judgment and dismissed the plaintiff’s suit. A rehearing was granted on the application of the plaintiff, appellee, and the matter has been submitted for our determination.
 

 The only question urged by the plaintiff, appellee, as stated in his first supplemental brief on rehearing, is whether or not the judgment of the. trial court confirming Doll’s title to the property is res judicata as to all questions which were raised or could have been rai.sed in the confirmation suit thereby forever debarring the former proprietor and his heirs from making any attack on the title should they ever reappear.
 

 The confirmation suit was brought under the provisions of Act No. 106 of 1934, which is designed to quiet tax titles in accordance with Section 11 of Article 10 of the Constitution of 1921. We pointed out in the case of Police Jury of Jefferson Davis Parish v. Grace, 182 La. 64, 161 So. 22, that the context of Article 10, Section 1.1 of the Constitution contains no reference to or provisions for sales or adjudications to the State and that this section of the Constitution has reference only to tax sales to third persons. We have again reviewed this section of the Constitution and are firmly convinced that it has reference only to what is properly termed, tax sales, i. e., tax sales to persons other than the State. Act No. 106 of 1934 is designed to quiet tax titles in accordance with this section of the Constitution and its context leaves no doubt that it refers to tax sales properly and not to adjudications made to the State for want of a bidder. The judgment of the lower court purporting to quiet the title is of no effect because it is not authorized by law.
 

 Counsel for the plaintiff, appellee, has cited several decisions of this Court rendered before the adoption of the Constitution of 1921 which he claims are pertinent and contrary to the views expressed herein. These decisions were handed down prior to the adoption of the Constitution of 1921 and the passage of Act No. 106 of 1934. We see no necessity to review the articles of the prior Constitutions and the various acts of the Legislature in effect at the time these decisions were handed down for the reason that the constitutional provision, Section 11, Article 10 of the Constitution of 1921, which governs the present suit, was correctly interpreted in the Grace case and Act No. 106 of 1934 merely provides for the quieting of titles in accordance with this provision of the Constitution.
 

 It is contended that our holding in the case of Westwego Canal & Terminal Co., Inc., v. Lafourche Basin Levee District, 206 La. 270, 19 So.2d 133, in effect overruled our pronouncement in the Grace case. We have carefully reviewed the- case relied on and do not find anything therein inconsistent with the interpretation placed on Section 11, Article 10 of the Constitu
 
 *453
 
 tion of 1921 in the Grace case or with the views expressed herein.
 

 For the reasons assigned, our original judgment is reinstated and affirmed at the cost of plaintiff, appellee.
 

 O’NIELL, C. J., does not take part.