37 So.2d 844

**KEMPER et al. v. ATCHAFALAYA BASIN LEVEE DIST.**

No. 38644.

Nov. 8, 1948.

Rene H. Himel, of Franklin, for plaintiffs and appellants.

Ferd C. Claiborne, Dist. Atty., of New Roads, and Charles H. Dameron, Asst. Dist. Atty., of Baton Rouge, for appellee.

HAWTHORNE, Justice.

This suit is for the purpose of having adjudicated by the court title to the SW¼ of Section 6, Township 15 South, Range 12 East, situated in St. Martin Parish, Louisiana, containing 160 acres more or less, this action being known as one to establish title to real estate under Act 38 of 1908.

Judgment was rendered in the district court in favor of defendant, the Atchafalaya Basin Levee District, recognizing it to be the owner of the land, the title to which is in controversy, and dismissing plaintiffs' suit at their costs. Plaintiffs have appealed.

The pertinent facts, which are not disputed, disclose that the property, title to which is here in controversy, was selected by the State of Louisiana under the Swamp Land Act, 43 U.S.C.A. § 982 et seq., which selection was approved by the Federal government, as disclosed by List No. 76. The State of Louisiana then con-

veyed the property to Thomas Vining under date of September 7, 1858, and in due course issued its patent to this vendee. Vining transferred the property by authentic act dated December 16, 1859, to James Todd. The property was adjudicated to the State of Louisiana on May 28, 1910, in the name of Thomas Vining for delinquent taxes for the year 1909. On November 11, 1911, the property was formally transferred by the State of Louisiana to the Atchafalaya Basin Levee District. The Register of the State Land Office on May 16, 1936, issued a certificate of redemption of the property which had been adjudicated to the State for the 1909 taxes in the name of Thomas Vining, this certificate being purportedly issued under the authority of Act 161 of 1934, as amended by Act 14 of the Fourth Extra Session of 1935. All of these conveyances were duly filed and recorded in the conveyance records of the Parish of St. Martin.

Plaintiffs-appellants, asserting themselves to be the sole heirs, legatees, and assigns of James Todd, claim title by virtue of the certificate of redemption dated May 16, 1936, as specifically ratified, validated, and confirmed by Act 256 of 1940. The defendant-appellee, Atchafalaya Basin Levee District, claims title by virtue of the adjudication to the State of Louisiana in the name of Thomas Vining for the unpaid taxes for the year 1909 and the transfer from the State to it on November 11, 1911, under the provisions of Act 97 of

1890, the act creating the Atchafalaya Basin Levee District.

The validity of the tax adjudication to the State and of its subsequent conveyance to the appellee herein is not raised in this suit, nor is the legality of either conveyance at issue herein, the sole question for our decision being the legal effect of Act 256 of 1940 as applied to the facts in the case.

The pertinent part of Act 256 of 1940 is as follows:

"* * * That all certificates of redemption of property issued by the State Land Office under Acts 161 of 1934, 14 of the Fourth Extra Session of 1935, 183 of 1936, and 47 of 1938, and the cancellation of taxes made by authority thereof, are hereby ratified, validated and confirmed unless attacked within six months from the passage of this Act. * * *"

This court in State ex rel. Hodge et al. v. Grace et al., 191 La. 15, 184 So. 527, held that property adjudicated to the State and by it subsequently transferred by act duly recorded to the Pontchartrain Levee District was not subject to redemption under Act 161 of 1934, as amended, the same act under which the certificate of redemption in the present case was purportedly issued. Appellants concede, as they must, that under the holding of the Grace case they had no right of redemption of these lands under the provisions of Act 161 of 1934, and that their certificate was invalid when issued. They contend, however, that the

decision of this court in the Grace case brought about the enactment of Act 256 of 1940, and that the 1940 act had the effect of specifically ratifying, validating, and confirming their certificate of redemption.

Regardless of the fact that, at the time the certificate of redemption was issued, title had been vested in the levee district for approximately 25 years under the transfer to it by the State, appellants argue and contend that Act 256 of 1940 vested title in them and legalized and validated the invalid issuance by the Register of the State Land Office to them of the certificate of redemption, and that the 1940 statute perfected and clarified a possible defect in their title since the certificate had not been attacked within six months from the passage of the act.

■ The property was conveyed to the Atchafalaya Basin Levee District on November 11, 1911, under the authority of Act 97 of 1890, by act of conveyance, the validity of which is not under attack here, and which was proper and legal in form, signed by the Register of the State Land Office and the State Auditor and duly recorded in the records of the Parish of St. Martin on November 17, 1911, many years prior to the act of redemption under which appellants claim as the heirs, legatees, and assigns of James Todd. It therefore follows that the levee board has a superior title to that of plaintiffs unless the plaintiffs' contention is correct that it was the intention of the Legislature in Act 256 of

1940 to divest the title of the levee board previously obtained and to vest title in plaintiffs herein; for the plaintiffs must show conclusively that title is in them, since this is an action to establish title to real estate under the authority of Act 38 of 1908. Even if we concede that the lands intended to be conveyed by the statute creating the levee district remained under the control of the Legislature, and that that body retained the power to set aside and revoke such conveyances, the question here presented then remains the same—that is, whether it was the intention of the Legislature by enacting Act 256 of 1940 to divest the levee board of its title and to vest title in these appellants.

■ As has been observed by this court, our jurisprudence shows that both the judicial and the legislative branches of our government have stressed the importance of carefully dealing with the lands granted by the State to the levee boards under the provisions of the various acts making such grants, so that they were not lightly to be considered as revoked or repealed by the Legislature. See State ex rel. Hodge et al. v. Grace et al., supra.

With this admonition in mind, it is only proper for this court to examine carefully the provisions of Act 256 of 1940 in order to ascertain whether it was the clear intention of the Legislature to divest the levee board of title under the facts of the instant case, and, in the absence of such intention clearly expressed or evidenced

therein, this court should find that the Legislature had no such intention.

A reading of the act itself, which had for its purpose the validation, ratification, and confirmation of certificates of redemption of property issued by the State Land Office under the authority of the acts of the Legislature permitting such certificates, shows conclusively that it was not the Legislature's intention by adopting the act to divest the levee board of its absolutely vested title to the property in question, granted to it by an act of the Legislature and subsequently conveyed to it by the State by proper, recorded instruments of conveyance, signed by the Register of the State Land Office and the State Auditor and duly recorded in the conveyance records of the parish in which the lands lie. If such had been the intention, it would have been a very simple matter for the Legislature to have used appropriate language showing such intention.

For reversal of the judgment of the lower court, counsel for appellants relies principally on the case of Atchafalaya Land Co. v. F. B. Williams Cypress Co. et al. (Board of Com'rs of Atchafalaya Basin Levee Dist. et al., Interveners), 146 La. 1047, 84 So. 351, and contends that it is decisive of the issue presented here.

Act 97 of 1890 creating the Atchafalaya Basin Levee District provided that all lands then belonging or that might thereafter belong to the State within the limits

of the district were thereby granted to the board of commissioners of the district. The act also provided that all former owners of land which had been forfeited to the State for non-payment of taxes might redeem their land at any time within six months after the passage of the act by paying taxes, interest, costs, etc., but that after the expiration of six months it was the duty of the State Auditor and the Register of the State Land Office to convey in the name of the State to the levee board by proper instruments of conveyance the lands granted or intended to be granted by the act, whenever from time to time the auditor and the register of the land office, or either of them, *should be requested to do so by the board of commissioners* or the president thereof.

The act was approved July 8, 1890, and within six months thereafter the State patented certain land in the district to the partnership of Pharr & Williams. The levee board never made any request for an instrument of conveyance respecting that property, as provided by the act, and no such instrument was ever issued.

In 1912 the Legislature adopted Act 62 of that year, which provided, among other things, that all suits to annul patents previously issued should be brought within six years from the passage of the act.

In the Williams case the suit to annul the land patents to Pharr & Williams was instituted six years and nearly 10 months

after the passage of this statute, which was pleaded by the defendants in defense of plaintiff's action. This court came to the conclusion that defendants' plea of prescription was well founded and consequently sustained it.

In the case of Atchafalaya Land Co., Ltd., v. Dibert, Stark & Brown Cypress Co., Ltd., et al., 157 La. 689, 102 So. 871, the same issues were presented to this court which had been previously disposed of in the Williams case. The Dibert case, like the Williams case, was an action for the purpose of annulling certain patents to state lands, and in that case, as in the Williams case, no instrument of conveyance of the lands in contest was ever issued to the levee board. A plea of prescription of six years, based upon Act 62 of 1912, was presented, and, due to the magnitude of interests involved, this court reviewed the decision previously rendered in the Williams case, and concluded that that case had been correctly decided.

In the course of our opinion in the Dibert case this court had this to say [157 La. 689, 102 So. 873]:

"We have therefore no hesitation in holding that, unless Act No. 97 of 1890, p. 107, was an absolute grant of the lands in praesenti to the levee board, the action of that board to annul a grant thereof to another is prescribed under the aforesaid Act 62 of 1912.

\*     \*     \*     \*     \*     \*

" The very fact that the register of the land office thought he had a right to sell the lands and issue patents therefor to purchasers acting in good faith, is a very strong reason why some statute of repose should be passed on that subject; and the fact that the levee boards and their assigns should deem it necessary to bring such actions, and that this court should seriously pass upon them, is very eloquent of the fact that *some rights* adverse to the levee boards and their assigns might result from the issuance of such patents. The Act of 1912 seems to have been passed for the express purpose of fixing the time within which such rights (whatever they might be) should be contested.

"The question therefore ultimately resolves itself into this, was the grant to the levee boards under Act 97 of 1890 a grant of the lands in praesenti or a mere grant of the right to acquire the lands by a conveyance from the proper state officers."

The court, after reviewing the jurisprudence, pointed out that the grant to the levee board under Act 97 of 1890 was not one in praesenti; that title to the lands did not vest in the levee board until a conveyance had been executed by the proper state officers and duly recorded in the parish records, and that for this reason the statute of repose, Act 62 of 1912, was applicable.

In the instant case, the lands in controversy not only were granted to the levee

district under the provisions of Act 97 of 1890 but were thereafter formally conveyed to the levee district by the State. For this reason, if for no other, the case relied on by appellants is not controlling here.

We conclude, therefore, that by the certificate of redemption issued in 1936 covering the lands here in controversy appellants acquired no title to the lands described in such certificate for the reason that the title to the lands had already passed out of the State and was vested at that time in the levee board, and that the act of 1940 did not operate under the facts of this case to divest the levee board of title.

The final decision in the case of State ex rel. Hodge et al. v. Grace et al., supra, was rendered by this court on October 31, 1938, and the Legislature at its next regular session, being that of 1940, adopted Act 256 of that year. Appellants argue that the Legislature in adopting this act made its intention clear that the purpose of the act was to ratify and validate *all* such certificates of redemption without restriction or exception whatsoever. Even if true, we do not think that this by any means is conclusive of the fact that it was also the intention of the Legislature to divest the levee board of its legal title and to vest title in appellants, in the absence of clear and express language showing this intention.

For the reasons assigned, the judgment appealed from is affirmed; appellants to pay all costs.

O'NIELL, C. J., dissents.

HAMITER, J., does not take part.