43 So.2d 222

### TRASHER v. FLINTKOTE CO.
No. 39156.

Nov. 7, 1949.

Monroe & Lemann, Walter J. Suthon, Jr., New Orleans, for defendant and appellant.

Fred G. Veith, New Orleans, for plaintiff and appellee.

HAWTHORNE, Justice.

Defendant-appellant, the Flintkote Company, has appealed to this court from a

judgment of the district court, decreeing specific performance of a contract in which the defendant had agreed to purchase from the plaintiff, John Trasher, certain property situated in the City of New Orleans for the purchase price of $10,000.00, less a credit of $1,000.00 paid to plaintiff's agent as a deposit on the purchase price of the property.

According to the record, plaintiff acquired title to the property (which is fully described in his petition) from the City of New Orleans by act passed before Robert Legier, notary public, on March 24, 1942, recorded C.O.B. 520, Folio 181. After his acquisition, plaintiff, alleging that the property had been adjudicated to the City of New Orleans for unpaid city taxes for the year 1928, instituted proceedings to confirm and quiet the tax title pursuant to the provisions of Act No. 106 of 1934. Made defendants in that suit (No. 252,151 on the docket of the Civil District Court for the Parish of Orleans, Division "B") were Elias Levy and Ferdinand J. Toledano (if they were alive, or their heirs if they were dead) and the unknown owner or owners, all represented by a curator ad hoc. By judgment signed in those proceedings on November 17, 1943, the title was confirmed and quieted in the plaintiff, John Trasher.

Neither appellant nor appellee filed briefs in this court, but, on the day on which the appeal was fixed for argument,

plaintiff-appellee, Trasher, through his counsel conceded in open court that, if the judgment obtained in the proceedings to confirm and quiet the title was invalid, then his title was, to say the least, suggestive of serious litigation, and he was not entitled to have the judgment ordering defendant-appellant to purchase the property affirmed by this court.

After the judgment appealed from was rendered in the lower court, this court rendered a decision in the case of Doll v. Meyer, 214 La. 444, 38 So.2d 69, 72, which is controlling here. In that case we held that a judgment of the district court purporting to quiet a tax title was of no effect because it was not authorized by law, and, in discussing Article 10, Section 11, of the Constitution, and Act No. 106 of 1934, we had this to say: " * * * We have again reviewed this section of the Constitution and are firmly convinced that it has reference only to what is properly termed tax sales, i. e., tax sales to persons other than the State. Act No. 106 of 1934 is designed to quiet tax titles in accordance with this section of the Constitution and its context leaves no doubt that it refers to tax sales properly and not to adjudications made to the State for want of a bidder. The judgment of the lower court purporting to quiet the title is of no effect because it is not authorized by law."

In that case, the tax adjudication was made to the State of Louisiana. Accord-

ing to the pleadings in the instant case, the adjudication for unpaid taxes of 1928 was made to the City of New Orleans. However, it is reasonable and proper that the interpretation of the Constitution and the act given by the court in the Doll case should apply to an adjudication of property for unpaid taxes to a municipality. Therefore, under the decision in that case, the judgment of the district court in this case must be reversed.

In its answer, defendant-appellant prays for judgment in reconvention in the sum of $1,000.00, representing a deposit on the purchase price made at the time the agreement to purchase was executed, under the following provision of that contract: " * * * In the event that title to the above property cannot be delivered there will be no commission paid to any agent, or any double deposit shall be returned to purchaser. Purchaser shall receive his 10% deposit back." Under this provision of the contract, defendant and plaintiff in reconvention is entitled to judgment in the sum of $1,000.00.

For the reasons assigned, the judgment appealed from is reversed, and plaintiff's suit dismissed. It is now ordered that defendant and plaintiff in reconvention, the Flintkote Company, have judgment against plaintiff and defendant in reconvention, John Trasher, in the sum of $1,000.00. Plaintiff-appellee is to pay all costs.