LEMMON, Judge.
Defendants have appealed from a judgment quieting plaintiff’s tax title to immovable property in Jefferson Parish.
In 1931 the subject property was adjudicated to the State of Louisiana for nonpayment of taxes assessed for the year 1930 in the name of Estate of Charles A. Eager. On March 24, 1941 the State sold the property to Adrien L. Smith and issued Patent No. 13,062 to him. By acts of sale, Smith conveyed the property to John T. Craig on June 4, 1941, and Craig conveyed the property to Michael H. Piper, Jr. in *620 1967. Availing himself of R.S. 47:2228.1, Piper filed this action to quiet the tax title.[1]
In his petition Piper named as defendants the last known heirs of Charles A. Eager, who had acquired the property in 1861. The attorney at law appointed to represent the named defendants and/or their heirs was successful in locating the heirs, who intervened in these proceedings.
In defending the action, intervenors asserted several irregularities in the 1931 tax sale. Alternatively, they alleged that the property had been previously adjudicated to the State in 1891 for non-payment of the taxes due in the years 1880-1890, and that the State had certified the property to the Board of Commissioners of the Pontchartrain Levee District (Levee Board) in 1902. Intervenors therefore contend that, since the Levee Board was the record owner of the property in 1930, the property was exempt from taxation and no taxes were due. Intervenors argue the adjudication for non-payment of taxes assessed in that year was an absolute nullity.[2]
Since we conclude that intervenors are entitled to a reversal of the judgment on their alternative contention, we need not discuss the other alleged invalidities.
When the State certified the property to the Levee Board in 1902 pursuant to Act No. 95 of 1890 and Act No. 96 of 1894, and the instrument was duly recorded in Jefferson Parish in the same year,[3] the lands became exempt from taxation during the time they remained in possession of the Board. R.S. 38:1321. Therefore, if the subject property remained in the possession of the Levee Board in 1930, it was exempt from taxation.
'However, Piper contends the property no longer remained in the possession of the Levee Board in 1930, because the heirs of Charles Eager had redeemed the property from the State of Louisiana in 1928. The certificate of redemption was recorded in Jefferson Parish on December 14, 1928.
This contention is without merit. Since the title to the property was no longer in the State in 1928, the attempted redemption was ineffective. See State ex rel. Hodge v. Grace, 191 La. 15, 184 So. 527 (1938); Kemper v. Atchafalaya Basin Levee Dist., 214 La. 383, 37 So.2d 844 (1948). Therefore, the property was in the possession of the Levee Board and was exempt from taxation in 1930.
A tax sale of land belonging to the public domain and therefore not subject to assessment for taxes is an absolute nullity, which is not protected by the periods of prescription provided in Const. Art. 10, Sec. 11 [4] or in R.S. 9:5661. Inasmuch as the property was not subject to assessment for taxes in 1930, the adjudication for non-payment of taxes assessed in that year was invalid.
*621 For these reasons, the judgment of the district court is reversed, and it is now ordered that judgment be rendered dismissing plaintiff’s suit. All costs are assessed to plaintiff.
Reversed.

. Smith had filed suit in 1941 to quiet the title and had obtained a judgment. However, it is now conceded that proceeding was ineffective, because Doll v. Meyer, 214 La. 444, 38 So.2d 69 (1948) held the action authorized by Act No. 106 of 1934 to quiet tax titles in accordance with Const. Art. 10, Sec. 11 applied only to tax sales to third parties and not to adjudications to the State of Louisiana. See also Trasher v. Flintkote Co., 216 La. 73, 43 So.2d 222 (1949). The statute under which the present action is brought was enacted in 1950.

. Although intervenors’ alternative theory suggests they are not the owners (and in this sense seems self-defeating), they wish to retain whatever advantage their status as heirs of the tax debtor may afford, unaffected by a purported quieting of title against them. For examples of such advantage, intervenors cite Act No. 526 of 1952, authorizing redemption during a two-year period (which has now passed) and Act No. 442 of 1968, purporting to re-enact the 1952 act so as to ratify a quit-claim from the Levee District to plaintiff’s ancestor in title.

. In this action to quiet a tax title based on the 1931 tax sale, there is no issue as to the validity of the 1891 tax sale or the 1902 conveyance to the Levee Board. Plaintiff was afforded the opportunity to convert this suit to a petitory action, but chose not to do so.

. See Puritan Co. v. Clarkson, 145 La. 1099, 83 So. 315 (1919).