(54 South. 486.)

No. 18,254.

CLAYTON et al. v. QUAKER REALTY CO., Limited.

(Feb. 27, 1911.)

*(Syllabus by the Court.)*

ABSENTEES (§ 5*) — CURATOR AD HOC — APPOINTMENT.

In a suit under Act No. 101 of 1898, for the confirmation of a tax title, a curator ad hoc is properly appointed to represent the former owner of the property where he is a nonresident, or unknown, or where his residence is unknown; and a judgment confirming the title, rendered contradictorily with such curator ad hoc, cannot be successfully attacked for nullity, upon grounds which might and should have been set up in defense of such suit.

[Ed. Note.—For other cases, see Absentees, Dec. Dig. § 5.*]

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by Mary P. Clayton and others against the Quaker Realty Company, Limited. Judgment for defendant, and plaintiffs appeal. Affirmed.

Richardson & Soule, for appellants. W. Winans Wall, for appellee.

MONROE, J. Plaintiffs, as heirs of Andrew H. Clayton, deceased, sue to annul a judgment confirming the title of the Quaker Realty Company to certain real estate in this city, and to have themselves placed in possession thereof, and they appeal from a judgment rejecting their demands.

It appears from the record that in 1836 Andrew H. Clayton bought nine lots of ground in Carrolton, in the square bounded by Nineteenth (Pear), Marks, Leonidas, and Jefferson (Joliet) streets; lots 1, 2, 3, 4, 5, 6, 7, 8, 9, measuring 30 feet front on Nineteenth street, by 120 feet in depth and fronting on Leonidas street. Clayton died in 1845, and his succession has never been opened. His widow died in 1883, and her succession has never been opened, and since 1870 no one related to them and bearing their name has lived here. The property was forfeited to the state for the unpaid taxes of 1876 and 1877, and it was subsequently adjudicated to the state for the unpaid taxes of the several years 1880, 1881, 1882, and 1883. In October, 1901, it was sold by the State Auditor, under Act 80 of 1888 to Wm. H. Howcott, who in February, 1903, sold it to the Aztec Land Company, by which, in December, 1904, it was sold to the Quaker Realty Company, which company, in January, 1905, brought suit, under article 233 of the Constitution and Act 101 of 1898, for confirmation of title, and there was judgment confirming the title March 9, 1905. The present suit was instituted on December 18, 1908, and the grounds of attack on the judgment of confirmation are: That it was rendered without citation to the petitioners other than through a curator ad hoc; that the tax sales were not preceded by assessments and levies of taxes, "and without any tax sale by the tax collector of the state, or any other authority, and without any sale by the state, through the State Auditor, to any one—the pretended tax title offered in evidence being a pretended sale of other property not belonging to petitioners."

It was admitted on the trial that neither plaintiffs nor the author under whom they claim ever had physical possession of the property in question, and it was shown, without attempt at contradiction, that it was only after the most diligent inquiry for the heirs of Andrew H. Clayton had failed to disclose their whereabouts that the curator ad hoc was appointed to represent them, as unknown owners, in the suit wherein the

judgment herein attacked was rendered. The appointment was therefore fully authorized. Act 101 of 1898, § 1.

The other grounds relied on might have been set up in defense of the suit in which the judgment referred to was rendered, but do not furnish a basis for the present action.

Judgment affirmed.