**PITTMAN et al. v. GULF REFINING CO. OF LOUISIANA et al.**

No. 10523.

Circuit Court of Appeals, Fifth Circuit.

March 15, 1944.

As Amended on Denial of Rehearing
April 13, 1944.

Eugene D. Saunders, Walter J. Suthon, and Roberts C. Milling, all of New Orleans, La., and Geo. C. Schoenberger, Jr., of Houston, Tex., for appellants.

Henry H. Chaffe, Warren M. Simon, Michel M. Irwin, and William A. West, Jr., all of New Orleans, La., and Charles C. Richmond, J. S. Atkinson, and Frederick E. Greer, all of Shreveport, La., John E. Green, Jr., of Houston, Tex., and Moise Thibodeaux, of Baton Rouge, La., for appellees.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This is a petitory action by appellants (plaintiffs and interveners below) to establish their title to certain lands in Lafourche Parish, Louisiana, and to obtain an accounting for oil and gas removed therefrom. Federal jurisdiction exists solely by virtue of diversity of citizenship. There is no dispute as to the location of the land in controversy, but there are

serious controversies as to the correct descriptions of portions of such land. For a statement of the facts, see Pittman v. Gulf Refining Co., D.C., 43 F.Supp. 187.

■ The tract of land claimed by appellants in this action, as finally described in their eighth amended petition, is situated on the east bank of Bayou Lafourche, and lies entirely within Lot 7 of Section 23 and Lots 1, 4, and 5 of Section 26, Township 21 South, Range 22 East, in the Parish of Lafourche, State of Louisiana. The burden in the court below was on the appellants to show not only title in themselves to said land but that their title covered the identical tract in controversy.[1]

The appellees admit the record title of appellants to the land described in said amended petition unless the same was divested by forfeitures for taxes or by a deed dated April 2, 1881, made pursuant to said forfeitures. It is contended by appellants that the description in the deed is insufficient to enable the land to be identified with reasonable certainty. It is claimed by appellees that this deed, and possession thereunder for more than ten years, vested in them a perfect title to said land. The description is as follows:

"A certain tract of swamp land lying and situated on the left bank of Bayou Lafourche and bounded by lands of Bernard and Sanders, said tract measuring about 2250 acres."

■ Article 210 of the Louisiana Constitution of 1879 provided that all deeds of sale made by tax collectors should be received in evidence by the courts as prima facie valid. Similar provisions are contained in the present and all intervening Constitutions of the State of Louisiana. So far as this deed is concerned, the description apparently gives the complete boundaries, and the instrument is not void on its face. It appears from extrinsic evidence that one of the boundaries is lacking, but in these circumstances the assessment roll and other evidence, parol or documentary, is admissible to complete such an imperfect description and to identify unmistakably the property intended to be sold if assessed to the owner of record.[2]

■ The appellants claim that such evidence is not admissible where, as here, the land was assessed to unknown owners, but we think the law of Louisiana does not preclude the admission of extrinsic evidence merely because the land was assessed to unknown owners. Where it was assessed to the true owner, the land is more readily susceptible of location and identification; but even where the owner is unknown, the deed is not invalid if the description is such that it may be completed by extrinsic evidence of possession or by other relevant facts sufficient to identify the property with reasonable certainty.[3]

Appellants cite Purcell v. Donaldson, 11 Orleans App. 80, as their authority on the subject most nearly in point. In that case the court distinctly said that the deed mentioned neither measurements nor boundaries and referred to no plan. In the case at bar, three of the boundaries are expressly given. The court below found from the extrinsic evidence that the fourth boundary was an irregular line separating this tract from lands that had never been patented by the State of Louisiana. It further found that the three boundaries mentioned in the deed could not be the boundaries of any other continuous tract fronting on Bayou Lafourche; that the purchaser at the tax sale had no difficulty in identifying the property covered by the deed; that he immediately went into possession thereof, and held the same until his death; that his successors in title have had possession since that time; that they have paid the taxes thereon as owners for more than fifty years; and that the description in the deed, coupled with the extrinsic evidence, was sufficient to enable the surveyor and the court to determine with certainty the property conveyed by the deed.

Appellants claim this land through Pierre Thibodeaux, and its identity with

---

[1] Smith v. Chappell, 177 La. 311, 315, 148 So. 242.

[2] Pierson v. Castell Land & Harbor Co., 159 La. 158, 105 So. 274; Harrill v. Pitts, 194 La. 123, 193 So. 562; Snelling v. Adair, 196 La. 624, 199 So. 782; Jackson v. Irion, 196 La. 728, 200 So. 18, 133 A. L.R. 566.

[3] Egle v. Constantin, 198 La. 899, 5 So. 2d 281. Cf. Pittman v. Bourg, 179 La. 66, 153 So. 22; Croom v. Noel, 143 La. 189, 190, 195, 78 So. 442, wherein the description in the deed, as construed, gave no boundaries and all were allowed to be supplied by parol evidence. This was not a tax deed, but that does not impair its value as an authority on the pertinent point.

480

the land assessed to said Thibodeaux is apparent. The court below found that the tract of land sold under said tax deed was assessed to Pierre Thibodeaux for the years 1872, 1873, and 1874, and to P. A. Thibodeaux for the year 1875; that the assessment rolls thereafter assessed the same tract of land to owners unknown; that the taxes on said land were not paid for the year 1872 and subsequent years prior to 1880; and that, for the non-payment of said taxes, said land was forfeited to the State under Act No. 42 of the Louisiana Laws of 1871.

The title so vested in the State is impeachable only on proof that the taxes, for the non-payment of which the lands were forfeited, had been duly paid before the return of the list to the Parish Recorder. This proof was not made. These forfeitures alone, unless annulled by the State itself, are sufficient to defeat appellants' claim in this action. We find no error in the ruling of the District 'Court that the presumption created by Article 10, Section 20, of the 1921 Louisiana Constitution, could not be invoked by appellants because they had failed to prove that the State had not sold or disposed of the land or dispossessed the tax debtor, his heirs, successors, or assigns, prior to the adoption of said Constitution.

The other issues presented by the record are of a purely factual nature, and we cannot disturb the findings of the court below, since they are not clearly erroneous.[4] Therefore, the judgment appealed from is affirmed.

HUTCHESON, Circuit Judge (concurring specially).

I concur fully in the view of the majority that the decision of all the questions except as to the validity and effect of the tax deed turn upon findings of fact which find ample support in the evidence. I concur also in the conclusion as to the validity and effect of the deed. Indeed, I think the description is complete in itself, for, by the call for "the bayou and the lands of Bernard and Sanders", it is satisfied on the ground and only satisfied by the particular tract of land in controversy, a tract bounded by the bayou and the lands of Bernard and Sanders, and running out to the unappropriated and unpatented public domain. When it is ascertained by ap-plying the description to the ground that it fits this tract of land and only this tract, I think it cannot be said that it is inadequate to be translative of title.

---

4 Federal Rules of Civil Procedure, rule 52, 28 U.S.C.A. following section 723c.