23 So.2d 33

**WESTOVER REALTY CO., Inc., v. STATE.**

No. 36174.

June 5, 1945.

Rehearing Denied June 29, 1945.

F. Rivers Richardson, of New Orleans, for appellant.

Geo. Montgomery, State Tax Collector, of New Orleans, for defendant-appellee.

ROGERS, Justice.

A square of ground designated by the Number Twenty-Three in the Seventh District of New Orleans was adjudicated to the State of Louisiana on November 18, 1932, for the delinquent taxes of 1931, under an assessment in the name of F. Rivers Richardson, the record owner at the time being George Arthur Kohn.

On August 8, 1939, the Westover Realty Co., Inc., a Louisiana Corporation, alleging that it was the owner in full physical possession of the property and that no notice of the proposed tax sale had been served on the owner of record, brought this suit to annul the sale. The State Tax Collector, who was made the defendant in the suit, in his answer, denied that the tax sale was invalid and that plaintiff was in physical possession of the property. He averred that the property was vacant and had never been in the physical possession of any person, and he pleaded as a defense to plaintiff's action the peremption of five years established by Section 11 of Article 10 of the Constitution of 1921, as amended by Act 147 of 1932. After a trial on the merits, the judge of the district court dismissed plaintiff's suit and plaintiff has appealed from the judgment.

The record discloses that Square Twenty-Three, bounded by General Hood, Lowerline, Wall and General Scott Streets and Leake Avenue, in the Seventh District of New Orleans, was acquired by F. Rivers Richardson by purchase of one-half from W. T. King on July 27, 1909, and the other half from W. Morgan Gurley on May 13, 1929. Richardson sold the property to George Arthur Kohn, the son-in-law of W. Morgan Gurley, by an act of sale executed in notarial form on February 2, 1931. By an act under private signature, dated June 2, 1939, and witnessed by Richardson, the Westover Realty Company, Inc., acquired the property without warranty and subject to all taxes and tax sales from George Arthur Kohn and the widow and heirs of W.

Morgan Gurley who, according to a recital in the instrument, had acquired the property by a counter-letter dated June 20, 1906.

On the trial of the case, it was established that George Arthur Kohn, the record owner of the property at the time of the tax sale, had not received notice of the proposed sale. It was also established on the trial of the case that in order to save costs the service of the required notice was waived by F. Rivers Richardson, acting as President of Richardson Realty, Inc., which, he stated in the waiver of notice, was the owner of the property. At the time the property was assessed for the taxes of 1931, it was owned by F. Rivers Richardson, who signed the waiver of notice of delinquency.

Testifying on behalf of the plaintiff, which he is representing herein as counsel, Richardson stated that the listing of Square Twenty-Three and the waiver of notice was an error since the property never had belonged to Richardson Realty, Inc., and at the time actually stood in the name of George Arthur Kohn. The list of properties on which Richardson waived notice of delinquency is extremely lengthy. It takes up eleven pages of the transcript and comprises several hundred separate and distinct squares and lots of ground situated in the City of New Orleans, all, with the exception of about ten pieces, being assessed in the name of Richardson Realty.

Defendant contends that the waiver of notice of delinquency signed by Richardson supplied the notice required by the Constitution, but if the Court should find that Richardson was not authorized to waive service of notice, notwithstanding that he is plaintiff's attorney and was the owner of the property when it was assessed in 1931, the evidence shows that the property was vacant at the time of the tax sale and recordation of the deed and for more than five years thereafter and therefore plaintiff is barred from setting aside the sale in the absence of proof that the taxes for the year for which the property was sold were paid prior to the date of the sale. There is no pretense on plaintiff's part that the taxes for which the property was sold have ever been paid.

Section 11 of the Constitution of 1921, as amended by Act 147 of 1932, so far as pertinent, reads as follows: "No sale of property for taxes shall be set aside for any cause except on proof of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted * * * within five years from the date of the recordation of the tax deed * * *."

It is obvious that if the peremption established by this constitutional provision is applicable to this case, plaintiff's action must fall, notwithstanding that notice of the proposed tax sale was not served on the delinquent tax debtor.

The plaintiff contends that the constitutional article has no bearing on the case because, first, it applies only to tax sales to private parties and not to tax adjudications to the state itself and, secondly, the facts show that despite the tax sale, George Arthur Kohn, the tax debtor, and

plaintiff, as his successor in title, remained in possession of the property.

We see no reason why the state as well as an individual tax purchaser can not, in proper cases, avail itself of the peremption established by the constitutional provision. There is nothing in the provision that limits or qualifies the right of an adjudicatee at a tax sale to plead the constitutional peremption as a defense to an action to annul the adjudication. On the contrary, it is specifically provided in the constitutional provision that *no tax sale* shall be set aside unless the proceeding to annul be instituted within five years, and the State is not excluded from the right to plead the peremption granted to tax purchasers. The adjudication to the State for delinquent taxes is as much a tax sale as an adjudication to a private individual for delinquent taxes.

█ Counsel for plaintiff in his brief refers to Act 175 of 1934, as showing that it is not the policy of the State to retain the ownership of property adjudicated to it for delinquent taxes. That act merely grants the owner or other interested party the right to redeem the property adjudicated to the State for delinquent taxes as long as title to the property is in the State, but it does not and can not destroy the right of the State to avail itself of the peremption established by the constitutional provision to defeat an action to annul an adjudication of property made to it at a tax sale. It may be that plaintiff's remedy is to redeem the property upon complying with the conditions prescribed by Act 175 of 1934, and not by resorting to an action

to annul the tax sale for an alleged irregularity in the proceeding leading to the sale.

█ The peremption established by Section 11 of Article 10 of the Constitution of 1921, as amended by Act 147 of 1932, does not accrue when the owner at the time of the tax sale remains in possession of the property. His continuing in possession, notwithstanding the sale, operates as a continuous protest against the sale. It was so held by this Court in construing similar provisions in Articles 233 of the Constitutions of 1898 and 1913, and the ruling is equally applicable to the provision contained in the present Constitution. But the possession must be a corporeal possession and not a mere civil possession flowing from the title deed or a constructive possession following the termination of a corporeal possession. Levenberg v. Shanks, 165 La. 419, 115 So. 641.

█ The only evidence plaintiff produced to show actual possession of the property is contained in the statement of F. Rivers Richardson, testifying as a witness for plaintiff. The statement of Mr. Richardson, appearing on pages 44 and 45 of the transcript, is as follows: "That square is a vacant square but it has not always been vacant. Some years—it was owned originally by Mr. Gurley and myself, jointly, and a merchant there rented part of the square for a building, a store he wanted to put on the square, which he did, and he paid us rent for that portion of the square for a number of years; the square was at one time enclosed, fenced and at all times it has been rented for,

various people, sometimes, once for a baseball team for a couple of seasons and for church organizations, and every year, however, the city directed notices on the assessed owner, who was myself, to cut the grass and weeds on the square, and in compliance with those notices I had those weeds and grass cut for the benefit and at the expense of Mr. Kohn and Mr. Gurley; I believe that is all I want to say, * * *." This testimony, to say the least, is wholly unsatisfactory to establish the corporeal possession necessary to operate as a continuous protest against the tax title held by the State and to prevent the peremption established by the Constitution from accruing. It is too vague, indefinite and uncertain. Nowhere in his statement does Mr. Richardson give any facts or figures affirmatively showing that Mr. Kohn or the Westover Realty Company was in actual possession of the property during the more than five years elapsing from the recordation of the tax deed to the date of the filing of this suit. His statement, which is couched in the most general terms, indicates that the circumstances he refers to as showing such possession occurred while the property was owned jointly by him and Mr. Gurley.

The mere cutting of weeds and grass, if it occurred during the time the peremption was accruing, which is not clearly shown by the testimony, or that the original owner visited the property on several occasions during that time, is not sufficient to defeat the peremption established by the constitutional provision. Commercial Securities Co. v. Smith, 12 La. App. 499, 126 So. 97.

George Arthur Kohn, who acquired the property from F. Rivers Richardson on February 2, 1931, was produced as a witness by the defendant. Mr. Kohn testified that he did not pay anything for the property and that the title thereto was placed in his name merely for convenience. He stated that he was not familiar with the property and that he only visited it one time, which was about three years before he testified on January 22, 1941, or about January, 1938; that he did not think there was any building on the property at that time, and that so far as he knew it was vacant ground.

Another witness produced by the defendant was J. T. Huber, Jr. Mr. Huber testified that he was familiar with the property, having lived in the neighborhood about thirty years. That at one time his father operated a restaurant and saloon in a building belonging to him and located on the property and that when his father left the property, after occupying it for a few years, he removed and sold the building. That was about twenty years ago. The witness further testified he never saw any fence around the square of ground and the only fence that was there at all was a little fence that his father had erected at the rear of his store and that this fence was also removed when his father left the property.

At the close of the testimony in the district court, Mr. Richardson again took the stand and testified that about a month after the suit was instituted he had the property surveyed by Mr. Frank H. Waddel and enclosed by a Paige fence at the cost

of approximately $1,000. As those things were done after the peremption pleaded by defendant had accrued, manifestly they have no bearing on the issue involved in this case.

Since the evidence produced by plaintiff does not show to our satisfaction that plaintiff was in actual corporeal possession of the property after the recordation of the tax sale, and since plaintiff did not attack the tax sale for more than five years thereafter, the peremption pleaded by defendant must be sustained and plaintiff's suit dismissed.

For the reasons assigned, the judgment appealed from is affirmed.