FOURNET, Justice.
 

 Joseph T. Meyer is appealing from a judgment ordering him to specifically perform his contract to purchase from Warren A. Doll-Lots-Nos. 1-14 in Square No. 88, bounded by Tchoupitoulas, Religious, St.
 
 *447
 
 James, and Celeste streets in the City of New Orleans, together with the improvements thereon designated by the municipal numbers 1739 Tchoupitoulas Street and 50S Celeste Street.
 

 This case was submitted under Section 8 of Article X of our rules while the court was in recess and the facts pertinent to' a decision, according to the agreed stipulations of the parties, reveal that the prope'rty forming the basis of the suit was, in default of individual bidders, adjudicated to the state in 1934 for the nonpayment of the 1932 taxes assessed in the name of Philip Romano. A patent to this property was issued to Warren A. Doll, the successful bidder when it was sold by the state at public auction on September 7, 1946, in accordance with the provisions of Act No. 237 of 1924, as amended by Act No. 296 of 1944. After failing to locate Romano or his heirs in an effort to buy out whatever rights they might have in and to the property, Doll, under the provisions of Act No. 106 of 1934, instituted proceedings that were carried on contradictorily with a curator ad hoc appointed to represent Philip Romano and/or his heirs and secured a judgment on July 8, 1947, quieting his title to the property. On July 17 following, Meyer, by written contract, agreed to purchase this property. When he later refused to accept title, Doll instituted this suit to compel the specific performance of the contract.
 

 It is conceded by the defendant that no encumbrances or liens have been recorded against this property in the name of Doll. Plowever, he takes the position that the title tendered him is defective and suggestive of litigation, and, therefore, not merchantable.
 

 In Section 11 of Article X of the Constitution of 1921, providing for the forfeiture and sale of property for the nonpayment of taxes, it is provided: “No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted within six months from service of notice of sale, which notice shall not be served until the time of redemption shall have expired and within five years from the date of the recordation of the tax deed, if no notice is given. * * * The manner of notice and form of proceeding to quiet tax titles shall be provided by law.”
 

 The legislature in following this mandate adopted its Act No. 106 of 1934 providing that the, purchaser of property at tax sales can, after the lapse of three (as provided in Section 1) or five years (as provided in Section 3) institute suit by petition and citation as in ordinary actions against the former
 
 proprietor
 
 or
 
 proprietors
 
 of the property wherein such former proprietor is informed, among other things, that title to the property will be quieted and confirmed unless a proceeding to annul is instituted within the required time of six months in the case of three years or ten
 
 *449
 
 days, in the case of five years. The act further provides that in the event the former proprietor “he a non-resident of the State, or unknown, or his residence be unknown, the court shall appoint a curator ad hoc to represent him and receive service.”
 

 Obviously the procedure sanctioned by the constitution is for the purpose of quieting titles as to any defects or irregularities in the tax sale, other than prepayment of taxes. See, In re Quaker Realty Co., Ltd., 122 La. 229, 47 So. 536; Folger v. St. Paul, 130 La. 1082, 58 So. 890; Chapman-Storm Lumber Co. v. Board of Commissioners, 196 La. 1039, 200 So. 455; Third Dist. Land Company v. Lassere, 204 La. 451, 15 So.2d 850. It is also clearly contem plated that the suit is to be instituted against the proprietor or owner of the property. See, Slattery v. Kellum, 114 La. 282, 38 So. 170; In re Sheehy, 119 La. 608, 44 So. 315; Webb v. Shiflett, 168 La. 920, 123 So. 620.
 

 Since it does not appear in the agreed statement of fact that Philip Romano was the proprietor or title owner of the property or that there was no dual assessment thereof, it necessarily follows that we cannot say the title being tendered the defendant is not suggestive of litigation and we will not, therefore, exercise the power vested in us to coerce the defendant into specifically performing the contract.
 

 The case of Clayton v. Quaker Realty Company, 128 La. 103, 54 So. 486, relied on by the plaintiff as being decisive of the issues in this case, is authority only for the proposition that tax titles may be confirmed and quieted as to any defects in the tax sale when the suits are carried on contradictorily with the curator ad hoc appointed to represent the owner of the property by the court.
 

 For the reasons assigned the judgment appealed from is annulled and set aside and the suit is dismissed.
 

 O’NIELL, C. J., dissents.