JANVIER, Judge.
This suit to quiet title to two unimproved lots of ground in the City of New Orleans is brought under the authority of Act '38 of 1908, LSA-R.S. 13:5062. The property involved is described as follows:
Two certain lots of ground, together with 'all the buildings and improvements thereon, all rights, ways, privileges, servi-tudes, advantages and appurtenances thereunto belonging or in anywise appertaining, situated in the 3rd District of the City of New Orleans, La., in Square No. 811, bounded by Forstall, Lizardi, North Derbigny and Roman Streets, and designated as Lots Nos. 5 and 6 on Map of Claiborne Place drawn by T. Weidell, C. E., dated July 6th, 1922, and according to which map the said two lots measure each 31 feet front on Forstall Street by a depth of 121 feet 6 inches between equal and parallel lines.
The plaintiff, Kathman-Landry, Inc., alleged that it acquired the property at a public tax sale held) by the Civil Sheriff for the Parish of Orleans for $430 cash, and subsequently received sheriff’s proces verbal and deed dated May 9, 1949, and State Land Patent No. 15,486, dated May 19, 1949.
Plaintiff alleged that the property had formerly been owned by Mrs. Celestine Morrison, wife of and Cleven Morrison, and had been adjudicated to the State of Louisiana for nonpayment of taxes for the year of 1932, which adjudication to the State is alleged to have been made on March 1, 1934, and to have been duly regis *41 tered in C.O.B. 478, folio 58, in the office of the Register of Conveyances for the Parish of Orleans.
Plaintiff also alleged that more than sixteen years elapsed since the registration in the Conveyance Office of the adjudication to the State for the nonpayment of taxes for the year 1932, and that neither the former owners nor the plaintiff has ever been in actual physical possession of the property. Plaintiff alleged also that the former owners or their heirs are unknown to plaintiff and that there was necessity for the appointment of a curator ad hoc to represent the said former owners or their heirs. A curator ad hoc was appointed who discovered that Celistine Morrison had died on March 27, 1942, and that her husband, whose correct name is 'Cleveland Morrison (not Cleven Morrison as alleged by plaintiff) is domiciled in Chicago, Illinois, and that a sister of the said Cleveland Morrison is domiciled in New Orleans.
In answer to the petition of plaintiff, the curator ad hoc avers that the -adjudication of the property to the State in 1934, for nonpayment of taxes for the year 1932, was null and void for the reason that no notice of the attempted sale or adjudication was given to Celistine Morrison nor to her husband, Cleveland Morrison, and that the assessment from which the sale or adjudication resulted was not made in the correct name of the record owner of the property. The curator ad hoc further averred that the corréct given name of the owner of the property was Celistine and not Celestine, and that the correct given name of the husband is 'Cleveland and not Cleven, and he further averred that
“prescription cannot cure such radical ■defects in title as are here involved, nor can any be validated by confirmation.”
There was judgment dismissing plaintiff’s suit, and it has appealed.
' It appears that the property was purchased on February 19, 1931, by Celestine Morrison whose husband was Cleven Morrison. It further appears that the property which is involved is vacant, and that neither the plaintiff corporation nor any of the former owners or heirs of the former owners have been in possession duing any part of the time which has elapsed since the registration of the adjudication to the State in 1934.
We find it unnecessary to consider the contentions, that the adjudication to the State was null because no notice of the intended sale or adjudication was served on the former owners, or the contention that the adjudication was null because the property was assessed in a name similar to but not exactly the same as the real name of the record owner of the property. Both of these contentions are no longer of any importance for the reason that even if the alleged facts on which they are founded are assumed to be true, nevertheless any defects or imperfections have been cured by the fact that more than five years have elapsed since the registration of the adjudication in the office of the Register of Conveyances.
In the Constitution of 1898, in Article 233, it was provided that:
“No sale of property ,for taxes shall be set aside for any cause, except on •proof of dual assessment, or of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted within six months from service of notice of sale, which. notice shall not be served until the time of redemption has expired, or within three years from the adoption of this Constitution, as to sales already made, and within three years from the date of re-cordation of the tax deed, as to sales made hereafter, if no notice is given. * * * »
•This provision, in almost identical terms, was repeated in the Constitution of 1921, in Article X, section 11, as follows:
“No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes for which the. property was sold prior to the date of the sale, unless the proceeding to annul is instituted within six months from service of notice of sale, which notice shall not be served until *42 the time of redemption shall have expired and within three years from the date of the recordation of the tax deed, if no notice is given. * * *”
In 1932, by constitutional amendment, it was provided that the peremption provided should not accrue until five years after the recordation of the tax deed, but as has already been shown, the tax deed was recorded, or as it is more properly termed, registered in 1934 so that many years more than the necessary five have elapsed.
As was said by the Supreme Court in Meshell v. Bauer, 215 La. 619, 41 So.2d 237, 239, an adjudication or a tax sale
“may not be set aside for any cause, except on proof of payment of the taxes for which the property was sold prior to date of the sale.”
As was pointed out by the Court in that case the peremption provided by the constitutional article is suspended
“so long as the tax debtor or his heirs and/or legal representatives or his or their vendee or vendees held actual, physical possession of the property.”
However, there was no such suspension here as the property is unimproved, and it is conceded that no one was in - actual physical possession of it at any time between the registration of the adjudication to the State and the time at which this suit was filed.
As the Supreme .Court said, the peremption manifestly has application to those cases in which the sale or adjudication was made “without strict observance of all legal requirements and formalities.” The court pointed out that:
“ * * * A tax sale, legally valid ab initio does not need the aid of this peremption at all. It is beyond attack and becomes indefeasible after the period of redemption (now three years) has expired.”
In Griffing v. Taft, 151 La. 442, 91 So. 832, 834, the Supreme Court had already considered just such a situation as is presented here and as was later considered in the Meshell case. At that time the constitutional provision was that which appeared as Article 233- of the Constitution of 1898. Similar contentions as to improper assessment and lack of proper notice were made. The court said:
“* * * it is immaterial (for the purposes of prescription under article 233 of the Constitution of 1898) whether the assessment has been made in the name of one person, or another, or in no name, or whether the owner, not in possession, has been notified, or whether the sale has been advertised or has not been advertised. Weber’s Heirs v. Martinez, 125 La. [663] 666, 667, 51 So. 679; Canter v. Williams, 107 La. 77, 31 So. 627; Crillen v. New Orleans Terminal Co., 117 La. 349, 41 So. 645; Little River Lumber Co. v. Thompson, 118 La. 284, 42 So. 938; Terry v. Heisen, 115 La. [1070] 1080, 40 So. 461; Landry v. McWilliams, 135 La. [655] 659, 66 So. 875.”
It necessarily follows that since the peremptive period provided by the Constitution has elapsed, neither the original owners nor any of their heirs have any right whatever to attack the adjudication to the State, since they cannot show that they were in possession, nor that there was a dual assessment, nor that the taxes have been paid. As the Supreme Court said in Griffing v. Taft, supra, “they cannot be heard to urge other exceptions.”
The curator ad hoc, in his brief and in oral argument, contended that the plaintiff was without right to prosecute the case in this court for the reason, according to the curator, that the plaintiff had disposed of the property in question without warranty and therefore no longer had any interest in the title. Counsel for plaintiff made no objection to the raising of this issue at this time. Bayou Rapides Lumber Co. v. Davies, 221 La. 1099, 61 So.2d 885. Conceding that a portion of the property had been sold, counsel stated that the sale was made with full warranty and counsel have now submitted a certified copy of the deed by which plaintiff disposed of one of the two lots, together with other property. It appears that that sale. was made with warranty and with full subrogation. Ac *43 cordingly the plaintiff is obviously interested in attempting to quiet title to the property.
Accordingly, the judgment appealed from is annulled, avoided and reversed, and it is now ordered, adjudged and decreed that the title by which Kathman-Landry, Inc., acquired the property described below was legal and valid and that none of the former owners or heirs of the former owners have any interest therein:
Two certain lots of ground, together with all the buildings and improvements thereon, all rights, ways, privileges, servitudes, advantages and appurtenances thereunto belonging or in anywise appertaining, situated in the 3rd District of the City of New Orleans, La., in Square No. 811, bounded by Forstall, Lizardi, North Derbigny and Roman Streets, and designated as Lots Nos. 5 and 6 on Map of Claiborne Place drawn by T. Weidell, C. E., dated July 6th, 1922, and according to which-map the said two lots measure each 31 feet front on Forstall Street by a depth of 121 feet 6 inches between equal and parallel lines.
All costs are to be paid by plaintiff. Reversed.