69 So.2d 5

## HOUSING AUTHORITY OF NEW ORLEANS

### v.

### BANKS.

No. 40980.

Nov. 9, 1953.

Rehearing Denied Dec. 14, 1953.

John H. McBride and Benjamin Washastrom, New Orleans, for intervenor and appellant.

Joseph Rosenberg, New Orleans, for defendant and appellee.

MOISE, Justice.

The Housing Authority of New Orleans expropriated a vacant lot of ground in the square bounded by Erato, S. Tonti, Thalia, and S. Miro Streets. It obtained an order of Court directing it to deposit the price awarded in the expropriation proceedings, namely, $2,720, in the Registry of the Civil District Court for the Parish of Orleans so that claims could be made against the proceeds by litigants with a real or actual interest to pursue.

Altheus Alton Banks filed a rule in which he claimed the entire proceeds. He predicated his right on Patent 15,037 issued by the State of Louisiana on April 1, 1948, said patent being recorded in the State Land Office. Banks' author in title is the State of Louisiana. The State acquired this property by a bid of the tax collector for the unpaid taxes of the year 1929, and the property remained in its possession for nearly twenty years, subject at all times to redemption. Act 175 of 1934, LSA–R.S. 47:2224; Westover Realty Co., Inc. v. State, 208 La. 163, 23 So.2d 33; Westwego Canal &.Terminal Co. v. Lafourche Basin Levee Dist., 206 La. 270, 19 So.2d 133;

Police Jury of Parish of Jefferson Davis **v.** Grace, 182 La. 64, 161 So. 22. This was never sought. No claim was made by the defendant until after expropriation action. Banks bought the property for the assessed value of $600 and took physical possession, improved the property and paid the taxes.

The Succession of Julius P. Ceasar, through the administrator, Joseph Ceasar, intervened in the proceedings brought by Banks and alleged that Julius P. Ceasar died on March 10, 1928, and that he had acquired the property herein involved by act of sale from Philip G. Veith on November 17, 1923, said property being assessed in the name of Philip G. Veith.

The 1927 taxes on the property were unpaid, and the State acquired the lot by a bid of the tax collector on Nov. 17, 1928, the sale being confirmed on Dec. 28, 1928. On November 22, 1930, the same property was adjudicated to the State for the unpaid taxes of 1929, said adjudication being confirmed on March 16, 1931. This adjudication took place during the administration of the Succession of Julius P. Ceasar, and the Succession did not notify the State to place the property herein involved on its rolls in the name of the Succession of Julius P. Ceasar.

▮ To our minds, the issue of substance in this case is: Did the State have a valid title, and, after waiting for nearly twenty years with no taxes being paid on the property and no redemption being sought by the succession administrator, did it have a legal right to issue its patent?

The tax debtor now claims in these proceedings that he did not receive notice of his tax delinquency in either adjudication. This defect of lack of notice is cured by the Constitutional peremption of Article X, § 11, of the Louisiana Constitution of 1921 which reads:

"No sale of property for taxes shall be set aside for any cause except on proof of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted within six months from service of notice of sale, which notice shall not be served until the time of redemption shall have expired and within five years from the date of the recordation of the tax deed, if no notice is given. * * *"

The proceedings here are not under Act 277 of 1952, LSA–R.S. 47:2228.1, but the Act stems from the Constitutional provision, Article X, § 11, La.Const. of 1921. Section E of Act 277 of 1952 reads as follows:

"If the suit to quiet title is filed more than five years after the date of registration of the deed of the adjudication to the state or any political subdivision thereof, for non-payment of taxes, in the conveyance records of the parish in which the property is located, and

more than five years since the record owner or his heirs or assigns or heirs of said assigns as aforesaid have had physical possession of said property, the only defense available to the defendant shall be proof by him of the payment of the taxes for which the property was adjudicated to the state or any political subdivision thereof prior to the date of said adjudication or redemption subsequent to said adjudication. In all cases there shall be a prima facie presumption that the defendant has not had physical possession of the said property from the date of the registration in the conveyance records of the deed to the state or any political subdivision as aforesaid."

More than five years have expired since the deed of adjudication to the State for non-payment of taxes, and more than five years have elapsed since the heirs or assigns have had physical possession of the property. The only defense available to this defendant is the payment of the taxes for which the property was adjudicated to the State. This he has not urged, and he therefore has not an action or interest to pursue. Article X, § 11, La.Const. of 1921; Act 147 of 1932; Pittman v. Gulf Refining Co., D.C.La., 43 F.Supp. 187; 5 Cir., 141 F.2d 478; Meshell v. Bauer, 215 La. 619, 41 So.2d 237; Kathman-Landry, Inc. v. Morrison, La.App., 64 So.2d 40; Code of Practice of Louisiana, Article 15.

"The title so vested in the State is impeachable only on proof that the taxes, for the non-payment of which the lands were forfeited, had been duly paid before the return of the list to the Parish Recorder. This proof was not made. These forfeitures alone, unless annulled by the State itself, are sufficient to defeat appellants' claim in this action. * * *" Pittman v. Gulf Refining Co., 5 Cir., 141 F.2d 478, 480.

▮ The question propounded should be answered in the affirmative. An examination of the authorities discloses that only in two instances has the tax debtor a right to proceed to annul. These are where there has been a payment of the tax for which the property was sold and where the owner of the property has remained in physical possession. The intervenor has urged neither the one nor the other.

A discussion of further issues would not be necessary, but intervenor points to an alleged discrepancy of decision in the cases of Westover Realty Co., Inc. v. State, 208 La. 163, 23 So.2d 33, and Doll v. Meyer, 214 La. 444, 38 So.2d 69.

▮ In the latter case, the organ of the Court followed the decision of the late Chief Justice O'Neill in the case of Police Jury of Parish of Jefferson Davis v. Grace, 182 La. 64, 161 So. 22. In the Grace case, supra, the Court was considering the provisions of the Constitution, Article X, § 11,

La.Const. of 1921, relating to third persons, tax purchasers, and in the Doll v. Meyer case, supra, the Court was considering Act 106 of 1934 relating to the quieting of title by tax purchasers other than the State.

The provision of the Constitution, Article X, § 11, La.Const. of 1921, treating of the subject matter reads:

"* * * the property on which the taxes are due in the manner provided for judicial sales, and on the day of sale he shall sell such portion of the property as the debtor shall point out and in case the debtor shall not point out sufficient property, the collector shall, at once and without further delay, sell the least quantity of property which any bidder will buy for the amount of taxes, interest and costs. The sale shall be without appraisement and the property sold shall be redeemable at any time during three years from date of recordation of the tax sale, by paying the price given, including costs and five per cent penalty thereon, with interest at the rate of one per cent per month until redeemed. No judgment annulling a tax sale shall have effect until the price and all taxes and costs are paid, with ten per cent per annum interest on the amount of the price and taxes paid from date of respective payments, be previously paid to the purchaser; provided, this shall not apply to sales annulled on account of taxes having been paid prior to the date of sale, all deeds of sale made, or that may be made, by the collectors of taxes, shall be received by courts in evidence as prima facie valid sales."

The title of Act 106 of 1934 reads:

"To provide a manner of notice and form of proceeding to quiet tax titles in accordance with Section 11 of Article X of the Constitution."

The above quoted provision of the Constitution is conclusive as relating to tax purchasers who bid in property at tax sales. It does not relate to the State of Louisiana to whom property is adjudicated when there is no bid at a tax sale. In that instance, we do not have the requirement that "* * * the collector shall, at once and without further delay, sell the least quantity of property which any bidder will buy for the amount of taxes, * * *."

Therefore, the decision in the Doll v. Meyer case, supra, is correct and in no way conflicts with the decision in the Westover case, supra. In each case, this Court was considering distinct subject matters provided for in separate paragraphs of the Constitution. In Doll v. Meyer, supra, Justice Ponder was dealing with the first paragraph of Article X, § 11 of the Constitution, and in the Westover case, supra, Justice Rogers was dealing with the second paragraph of Article X, § 11, of the Con-

stitution, "No sale of property  *  *  *",
which means all sales.

We can conclude, after reading the Con-
stitutional Amendment, Article X, § 11, and
the two alleged conflicting decisions, West-
over Realty Co., Inc. v. State, 208 La. 163,
23 So.2d 33; and Doll v. Meyer, 214 La.
444, 38 So.2d 69, of this Court, that the
Legislature has provided against any such
construction as now made and urged by
intervenor when it provided in Section F of
Act 277 of 1952:

"The filing of the above suit shall
not be mandatory; and the failure to
bring said suit in no manner shall af-
fect the validity of title to property
purchased from the state or any politi-
cal subdivision thereof; which property
had been previously adjudicated to the
state or a political subdivision thereof
for non-payment of taxes."

The self evident truth is that the sov-
ereign can prescribe against, but prescrip-
tion cannot run against the State.  Article
XIX, § 16, La.Const. of 1921.

For the reasons assigned, the judgment
of the trial court declaring that Altheus
Alton Banks is entitled to the $2,720 de-
posited in the Registry of the Civil District
Court for the Parish of Orleans, less valid
costs, and ordering the Clerk to pay said
amount to Altheus Alton Banks, and fur-
ther dismissing the intervention of the Suc-
cession of Julius P. Ceasar is affirmed.
Costs of this Court to be paid by inter-
venor.