McBRIDE, Judge.
Plaintiff, who in the year 1932 acquired the unimproved Lot 19 in Square 953, Third District of New Orleans, seeks to annul (1) the State tax sale of said property made in 1933 at which the State of Louisiana was the adjudicatee, (2) the sale by the State to Rhodes in 1947, and (3) the latter’s subsequent sale to Henry. The three conveyances arc duly registered in the conveyance records of this parish. Plaintiff assails the tax sale by which the State acquired the property on the ground that the sale was made without any notification to him, and he alleges that as the tax sale is void and without effect, it necessarily follows that the subsequent transfers of the property are nullities. Rhodes and Henry pleaded as a defense the peremption of five years established by Art. 10, *17 § 11, of the Constitution of 1921, as amended, which plea was maintained by the lower court, and plaintiff has appealed from the judgment dismissing his demands.
This suit was not filed until nineteen years after the recordation of the tax sale in the Conveyance Office, and the constitutional peremption pleaded by defendants is applicable and the suit must fall; the courts are no longer open to entertain plaintiff’s complaint that the tax sale was not preceded by service of a notice of the proposed tax sale on the tax debtor. Housing Authority of New Orleans v. Banks, 224 La. 172, 69 So.2d 5; Westover Realty Co. v. State, 208 La. 163, 23 So.2d 33; Progressive Realty Co. v. Levenberg, 177 La. 749, 750, 149 So. 444; Griffing v. Taft, 151 La. 442, 91 So. 832; Kathman-Landry, Inc., v. Morrison, La.App., 64 So.2d 40; City of New Orleans v. Meteye, La.App., 24 So.2d 80.
In a belated brief filed on behalf of plaintiff, it is stated:
“Counsel for plaintiff appellant takes cognizance of the decision of the Supreme Court of Louisiana in the case of Housing Authority of New Orleans v. Banks, 1953 [224 La. 172], 69 So.2d 5 which was decided subsequent to- the filing of this appeal. It is conceded that this case would govern the case at bar but it is urged that the sale of property without any notice of any kind is violative of the due process clause in the United States Constitution.”
As it is, plaintiff slept on his rights and permitted more than five years to elapse without action. The question is not whether plaintiff was denied due process of law in the matter of- the tax sale, but whether at this late date his remedy to contest the validity of the sale on the ground alleged is barred by Art. 10, § 11, of the present Constitution, which so far as pertinent here provides:
“No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted * * within five years from the date of the recordation of the tax deed, * *
As was said in Housing Authority of New Orleans v. Banks, supra, only in two instances has the tax debtor a right to proceed to annul a tax sale after the lapse of five years from the recordation of the sale. These are where there has-been a payment of the taxes for which the property was sold, and where the owner of property has remained in physical possession thereof after the sale.
Plaintiff here has alleged neither the one nor the. other.
In Ashley Co. v. Bradford, 109 La. 641, 33 So. 634, 639 the Supreme Court discussed the effect and legality of similar peremptive provisions contained in Art* 233 of the Constitution of 1898, as follows;
“The constitutional provision under consideration does not seek to validate void or voidable tax titles. It does not merely prescribe a time within which a bad title may ripen into a good one* It does not establish a rule of property. Its object and effect is to bar by limitation the owner’s remedy, if the time be suffered to elapse without suit. It bars all grounds or causes of action for setting aside the tax title save the-the two excepted from the operation of the provision. The constitutional provision takes nothing away — neither the right nor the remedy. It merely limits the time within which the original owner must present his claim* It really affirms the existence of a remedy, but limits its operation. The negligent owner is cut off by limitation because he failed to prosecute the remedy limited.
“Such laws are enacted under the sovereign power of the state to limit, within reasonable bounds the time-for which.its courts shall remain open *18 for the adjustment of controversies, and when the time is not unreasonably short they are grounded in sound policy. Cooley on Taxation (2d Ed.) p. 556; Blackwell on Tax Titles (4th Ed.) p. 643 et seq.
“Many states of the Union have statutes of similar import, and the limit of three years has been maintained by the courts as a sufficient time — a time not unreasonably short. So, too, has the general power in state legislatures to enact such statutes of limitation been maintained by the courts of the highest authority. Barrett v. Holmes, 102 U.S. 651, 26 L.Ed. 291; Wheeler v. Jackson, 137 U.S. [245] 246, 11 S.Ct. 76, 34 L.Ed. 659; Mitchell v. Furman, 180 U.S. 402, 21 S.Ct. 430, 45 L.Ed. 596; Terry v. Anderson, 95 U.S. 628, 24 L.Ed. 365.”
The judgment appealed from will be affirmed.
Affirmed.