McBRIDE, Judge.
John F. Mallard and Joseph D. Pascal at one time owned the vacant and unimproved Square No. 119, designated on the assessment rolls as Square No. 3144, Third District of New Orleans, bounded by Han *40 cock, Tricou, Gordon and Livingston Streets. The State taxes assessed for the year 1935 were not paid, and on November 18, 1936, at tax sale the property was adjudicated to the State of Louisiana in default of bidders, and the adjudication to the State was duly registered in C.O.B. 495 folio 1(27). The property remained in the State’s ownership for fifteen years (from 1936 to 1951); pursuant to the provisions of LSA-R.S. 47:2189, 47.2190, the property was advertised for sale by the Registrar of the State land office and was sold, on November 2, 1951, by the Civil Sheriff for the Parish of Orleans to the plaintiff, Emile M. Doll, for $425 in cash. A State patent dated November 21, 1951, was issued to Doll, which was registered in the conveyance office in Book 579 folio 307.
Doll filed the present suit against Mallard and Mrs. Clark (the latter being the sole heir of Joseph D. Pascal) for confirmation of his title which he had, acquired from the State, as aforesaid, the action being brought under the provisions of Act 476 of 1950, LSA-R.S. 47:2228.1, which prescribes a form of proceeding to quiet tax title to property purchased from the State, or any political subdivision thereof, when such property had been previously adjudicated to the State or to the political subdivision for nonpayment of taxes.
Doll made the allegation that the title of the State of Louisiana and also his title which he had acquired from the State had been quieted by the peremption of five years under Art. X, § 11, of the LSA-Constitution of Louisiana of 1921.
Subsequently, by Act 277, the Legislature of 1952 amended and re-enacted LSA-R.S. 47:2228.1, and Doll thereupon filed a supplemental and amended petition, the effect of which was to bring his action against defendants for the quieting of the title to the property under the 1952 Act.
The defendants filed an answer which is in effect a general denial coupled with certain special defenses. They attacked the adjudication to the State on the grounds that there was (1) an inaccuracy in the names of the tax debtors and former owners both in the advertisement of the property at the tax sale and in the adjudication of the property to the State; (2) want of notice of delinquency; (3) want of notice that the State after the adjudication would take possession of the property. The defendants also complained that the advertisement of the sale at which Doll acquired the property did not accurately set forth the names of the tax debtors and former owners. After a trial on the merits below, there was judgment in favor of defendants dismissing plaintiff’s suit. Plaintiff appeals.
The sole question presented by this appeal is whether the defendants are to be permitted to urge their special defenses, which go to attacking the validity of the tax sale to the State, in view of the five-year peremption set forth in Art. X, § 11, LSA-Const. of 1921.
It might be mentioned here that prior to the advent' of Act 476 of 1950, LSA-R.S. 47:2228.1, there was no legislative enactment providing a form of judicial proceeding whereby one could quiet his title to property purchased from the State which had been previously adjudicated to the State for nonpayment of taxes. See Doll v. Meyer, 214 La. 444, 38 So.2d 69. This decision, in which it was held that such proceeding could not be instituted under Act No. 106 of 1934, undoubtedly prompted the Legislature to enact the statute of 1950, which provided to the owner of property acquired from the State a remedy which he did not previously have.
By adopting Act 277 of 1952, which amended and re-enacted LSA-R.S. 47:-2228.1, the Legislature broadened the provisions of the 1950 statute which endowed the purchaser of property from the State the right to have his title quieted. Paragraph E of Section 1 of the 1952 Statute, with reference to peremption and the defenses which a defendant in an action to quiet title might urge, reads as follows:
*41 "(E) If the suit to quiet title is filed more than five years after the date of registration of the deed of the adjudication to the state or any political subdivision thereof, for non-payment of taxes, in the conveyance records of the parish in which the property is located, and more than five years since the record owner or his heirs or assigns or heirs of said assigns as aforesaid have had physical possession of said property, the only defense available to the defendant shall be proof by him of the payment of the taxes for which the property was adjudicated to the state or any political subdivision thereof prior to the date of said adjudication or redemption subsequent to said adjudication. In all cases there shall be a prima facie presumption that the defendant has not had physical possession of the said property from the date of the registration in the conveyance records of the deed to the state or any political subdivision as aforesaid.”
In comprehensive reasons .for judgment the trial judge stated he was of the opinion that Doll, who had purchased from the State, could not avail himself of the peremption provided by Art. X, § 11, of the LSA-Constitution of 1921, and cited as authority for this holding the case of Doll v. Meyer, supra. We think that our brother below was in error in his appreciation of the ratio decidendi of Doll v. Meyer, which was a suit brought under the provisions of Act No. 106 of 1934. Although the Supreme Court quoted from and discussed Art. X, § 11, of the LSA-Constitution in Doll v. Meyer, the Court was not concerned with the applicability of the peremption provided for in said constitutional provision, and the sole question was whether a purchaser from the State of property which the State had previously acquired by adjudication for delinquent taxes could have his title confirmed and quieted as to the tax debtor. The holding was that under the law as it existed no such remedy was available because Art. X, § 11, of the LSA-Constitution, had reference only to what is termed tax sales, that is tax sales made to persons other than the State. The Court so interpreted its holding in Doll v. Meyer in deciding Housing Authority of New Orleans v. Banks, 224 La. 172, 69 So.2d 5.
The trial judge also believed that the peremptions established by LSA-R.S. 47:-2226 and by Paragraph E of Section 1 of Act 227 of 1952 were inapplicable for the reason that those enactments contain no language indicating they were to have retrospective effect.
It is not necessary to discuss or to, decide whether the statutory provisions in .question have such effect for the simple reason that the peremption set forth in Art. X, § 11, of the LSA-Constitution of 1921, which is, specially pleaded by plaintiff, is applicable in this instance and the informalities which are said to exist in the tax adjudication to the State and the subsequent sale by the State to Doll cannot now be urged by, defendants. The peremption provided for in Art. X, § 11, of the LSA-Constitution, runs in favor of the State as well as individual tax purchasers. In Westover Realty Co. v. State, 208 La. 163, 23, So.2d 33, 35, the Supreme Court said:
“Counsel for plaintiff in his brief refers to Act 175 of 1934, as showing that it is not the policy ;of the State to retain the ownership of property adjudicated to it for delinquent taxes. That act merely grants the owner or other interested party the right to redeem the property adjudicated to the State for delinquent taxes as long as title to the property is in the State, but it does not and can not destroy the right of the State to avail itself of the peremption established by the constitutional provision to defeat an action to annul an adjudication of property made to it at a tax sale. * * * ”
In Housing Authority of New Orleans v. Banks, supra, certain property was ex *42 propriated by the Housing Authority of New Orleans which deposited $2,720 in the Registry of the Court so that claims could be made against the proceeds by litigants with a real or actual interest to pursue. There were two contestants, one of whom claimed title by virtue of a State patent resulting from the sale of the property to him by the State which had acquired the property for unpaid taxes. The tax debtor claimed in the proceedings that he did not receive notice of tax delinquency. The Supreme Court stated the issue in the case thus:
“To our minds, the issue of substance in this case is: Did the State have a valid title, and, after waiting for nearly twenty years with no taxes being paid on the property and no redemption being sought by the succession administrator, did it have a legal’ right to issue its patent?” [224 La. 172, 69 So.2d 6.]
Then the Court went on to say:
“More than five years have expired since the deed of adjudication to the State for non-payment of taxes, and more than five years have elapsed since the heirs or assigns have had physical possession of the property. The only defense available to this defendant is the payment of the taxes for which the property was adjudicated to the State. This he has not urged, and he therefore has not an action or interest to pursue. Article X, § 11, La. Const. of 1921; * * *.
* * * * * *
“The question propounded should be answered in the affirmative. An examination of the authorities discloses that only in two instances has the tax debtor a right to proceed to annul. These are where there has been a payment of the tax for which the property was sold and where the owner of the property has remained in physical possession. The intervenor has urged neither the one nor the other.”
Article X, § 11, of the LSA-Constitution of Louisiana of 1921, as amended, upon which plaintiff relies reads as follows:
“No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted within six months from service of notice of sale, which notice shall not be served until the time of redemption shall have expired and within five years from the date of the recordation of the tax deed, if no notice is given.”
In King v. Moresi, 223 La. 54, 64 So.2d 841, 842, the Supreme Court in discussing the effect of the said peremption stated:
“ * * * This constitutional per-emption applies to all tax sales except those specifically excepted therein and those where the tax debtor remains in corporeal possession of the premises. The language used is very broad. This constitutional provision announces, the public policy of this State to set at rest tax titles once and for all.”
Defendants not having urged the defenses that the taxes for which the property was adjudicated to the State had been paid or that they remained in physical possession, they are cut off from raising any other defenses.
For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that there be judgment in favor of plaintiff and against the defendants confirming and quieting the title of plaintiff acquired by him by virtue of the State patent, issued November 21, 1951, and registered C.O.B. 579 fo. 307, Orleans Parish, to Square No. 119, designated on the assessment rolls as Square No. 3144, Third District of New Orleans, bounded by Hancock, Tricou, Gordon, and Livingston Streets.
The costs of both courts are to be paid by defendants-appellees.
Reversed.