JANVIER, Judge.
This suit grows out of earlier litigation involving title to real estate which had been adjudicated to the State for nonpayment of taxes and later sold by the State to Doll, the present plaintiff.
The plaintiff, Doll, purchased the property which, prior to its adjudication to the State, had stood on the public records in the name of Julius P. Ceasar. The defendants in this suit are Joseph Ceasar, the administrator of the Succession of the said Julius P. Ceasar and Globe Indemnity Company, surety on the bond of the administrator.
The Housing Authority of New Orleans required the property and brought an expropriation proceeding against Doll who had purchased the property from the State and, alleging that the property had originally been owned by Julius P. Ceasar and that the said Ceasar and his heirs were unknown, provoked the appointment of a curator ad hoc to represent the said Ceasar or his heirs. Doll answered and claimed title to the property. Lucian J. Fourcade, the duly appointed curator, appeared as the representative of certain heirs of Ceasar and, through counsel of his own selection, Joseph Ceasar, the duly qualified administrator of the succession of Julius P. Cea-sar also appeared and claimed that the adjudication to the State had, for various reasons, been a nullity and that the title to the property still remained in the original owner, Julius P. Ceasar, and that therefore the proceeds of the expropriation proceeding should be held to be the property of the estate of the said Julius P. Ceasar.
The entire controversy between the estate of Ceasar, on the one hand, and Doll, on the other hand, depended upon a determination of the question of whether the constitutional five-year peremption, which is provided by section 11, Article 10 of the LSA-Constitution of 1921, 'was applicable where the property at the tax sale had not been sold to a third person but had been adjudicated to the State. At that time that question was a much litigated one, and when the controversy between Doll and the Succession of Julius P. Ceasar, which was involved in that expropriation proceeding, reached this Court, there was pending in the Supreme Court that identical question in Housing Authority of New Orleans v. Banks, 224 La. 172, 69 So.2d 5. Since it appeared to us that there could be no possible distinction between the case of Housing Authority of New Orleans v. Banks in the Supreme Court and Housing Authority of New Orleans v. Doll which was pending in this Court, we withheld our decision to await the decision of the Supreme Court in the Banks case. The Supreme Court decided the Banks case on *219 November 9, 1953, and held that in such situation as was presented there and as was presented here in the Doll case, any right which an original owner may have had to annul such a tax adjudication was lost as a result of the constitutional per-emption, unless it could be shown that the taxes had actually been paid or that the original owner had remained in possession of the property. When the Supreme Court decided the Banks case, supra, we, feeling that it was controlling here, rendered our decision in Housing Authority of New Orleans v. Doll, La.App., 69 So. 2d 522. In our decision we said:
“When this case was called for oral argument counsel for Joseph Caesar, administrator of the Succession of Julius P. Caesar, and counsel for Emile M. Doll, informed this court that pending trial of the matter here, the Supreme Court rendered judgment in a companion case entitled Housing Authority of New Orleans v. Banks, 224 La. [172], 69 So.2d 5, which was determinative of all issues involved herein and, in consequence thereof, the judgment of the trial court should be affirmed.”
The present suit is the result of that decision. Doll, who was held to be the rightful owner of the property and therefore entitled to the proceeds resulting from the expropriation proceeding, claims from the administrator of the succession of Ceasar and from his surety damages for malicious prosecution of the claim of the administrator of the estate of Ceasar that that estate and not Doll should have been entitled to the fund resulting from the expropriation.
This suit of Doll was dismissed on exception of no cause of action, and it is quite clear that that decision was correct. cisions in those cases and of the decision of the Supreme Court in Doll v. Meyer, 214 La. 444, 38 So.2d 69, and as is also shown by a reading of our decision in Bauswell v. Favret, La.App., 78 So.2d 213.
When the administrator of the Succession of Ceasar, who was brought into the expropriation proceeding, claimed that the estate of Ceasar was entitled to the property, the question which was involved was, as we have said, a much litigated one as is made evident by a reading of the de-
The administrator would have been derelict in his duty had he not contended that the estate represented by him was the owner of the property. A reading of the several decisions cited and referred to by us makes it very evident that the point at issue in the case from which this suit results had not been so clearly settled as to justify the conclusion that in making the contention which he did make the administrator was acting with malice and without probable cause.
The exception of no cause of action was properly sustained.
Accordingly the judgment appealed from is affirmed at the cost of appellant.
Affirmed.
McBRIDE, J., recused.