LOTTINGER, Judge.
This is a suit to annul a tax sale to the State of Louisiana and the subsequent sale of the property from the State to the defendant, George E. Reine, Jr. The suit is by Myrtle Williams Bierra against George E. Reine, Jr. and Andrew L. Erwin, the Sheriff and Ex Officio Tax Collector for the Parish of St. Tammany, Louisiana. The Lower Court upheld the tax sale and dismissed petitioner’s suit. The petitioner has appealed.
The petitioner claims that she is the heir of her Grandmother Claire Jupiter. It is admitted by both parties that on June 16, 1892, Claire Jupiter purchased Lot No. 8 of Square No. 67 of the Town of Mande-ville, and that the deed is of record in the official records of St. Tammany Parish. It is further admitted that on December 28, 1935, an adjudication was made to the State of Louisiana for nonpayment of taxes for the year 1934, the description in the tax sale was as follows: “Part of Sq. No. 57, Ward 4 — m.” It is also admitted that on April 15, 1952, a corrected procés verbal was filed in St. Tammany Parish, which correction was made to conform to the title of Claire Jupiter, and changed the Sq. No. from No. 57 to No. 67. It is also stipulated that on April 25, 1953, under the authorization of LSA-R.S. 47:2189, the Sheriff of St. Tammany Parish sold the said property at public auction to the defendant, Reine. It is admitted that the taxes for the year 1934 were never paid. It was also admitted that for the years 1935, 1936, 1937 and 1938 the property did not appear on the tax rolls; that, however, from the years 1939 through 1953, the property was assessed in the name of the Estate of Claire Jupiter, and the taxes thereon were paid by Homestead Exemption. The parties further admitted that Lot 8 of Sq. 67 was the only property ever acquired by Claire Jupiter in the Parish of St. Tammany. It is further stipulated by the parties that the Sheriff’s office of St. Tammany Parish has no rec *61 ords dating back to the year 1934, with respect to notices to delinquent tax debtors.
The petitioner claims that she has always held actual and corporeal possession of the said property and claims, as her reasons for annulling the said sale as follows:
1. That the adjudication to the State of Louisiana under date of December 28, 1935 passed nothing to the State because the description is so vague no land capable of being identified is described.
2. That no notice was given as required by the Constitution and laws of Louisiana.
3. That the plaintiff and her coheirs having remained in physical possession of the property same never preempted to the State of Louisiana and the State was without authority to sell same under LSA-R.S. 47:2189, in view of the provisions of LSA-R.S. 47:2186.
The defendants on the other hand have filed a general denial claiming that the petitioner has not been in possession of the property, that the description in the tax sale is sufficient and, furthermore, that the petition is fatally defective in that the State of Louisiana was not joined as a party defendant and a plea of prescription of 5 years under Article 10, Section 11 of the Constitution of Louisiana, LSA.
The Lower Court awarded judgment in favor of the defendants and dismissed petitioner’s suit. The petitioner has appealed.
Article 10, Section 11 of the Constitution of the State of Louisiana provides in part as follows:
“No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted within six months from service of notice of sale, which notice shall not be served until the time of redemption shall have expired and within five years from the date of the recordation of the tax deed, if no notice is given.”
There was a substantial amount of evidence adduced by petitioner intending to show possession of the property. Under the provisions of Article 10, Section 11 of the Constitution, there is a five (5) year right of preemption in favor of the tax purchaser, which right of preemption prevails unless it is shown that the taxes were paid. However, said preemption does not accrue when the owner at the time of the tax sale remains in actual possession of the property. Said possession must be an actual corporeal possession, and not merely a civil possession. Levenberg v. Shanks, 165 La. 419, 115 So. 641, Westover Realty Co. v. State, 208 La. 163, 23 So.2d 33, Scheller v. Goode, La.App., 69 So.2d 96, Magnolia Petroleum Co. v. Marks, 225 La. 805, 74 So.2d 36.
The petitioner produced several witnesses to substantiate her claim of possession. Most of these witnesses were either close friends or relatives of petitioner and Claire Jupiter. The vagueness of these witnesses was astounding, while they testified that someone has possessed the property “on and off” from the year 1934 until shortly prior to the suit, they could not give the names of the possessors, or the dates of possession. Many of these witnesses contradicted each other, and we feel that the Lower Court was correct in holding that they failed to prove the requisite possession, inasmuch as a period of some twenty (20) years elapsed between the tax sale of the property and the present suit. In the present suit, it was incumbent upon petitioner to show that no five (5) year period during said time elapsed without her having corporeal and actual possession of the property. This, she wholly failed to do. Another outstanding feature was the fact that most of these witnesses either lived in the same block with the property sold, or they were relatives of the petitioner and living in *62 Mandeville. In spite of this, they were still unable to give sufficient proof of the names and the dates of the parties who were allegedly living on the property during this twenty (20) year interval.
The defendant testified that he lives diagonally across the street from the property in question and he testified that the property has been occupied on and off. The Lower Court resolved the evidence in favor of defendant and held that while some corporeal possession was proven from time to time during this twenty (20) year interval, during a great portion of the time it was nothing more than civil possession of the property. The petitioner has failed to prove her possession by a preponderance of the evidence, and the judgment in favor of defendant will be affirmed.
The wording of the Constitution is clear to the effect that no sale of property for taxes shall be set aside for any cause, except proof of prior payment of taxes, after the running of the five (S) year preemption period. The record discloses that this five (S) year period has elapsed several times since the sale of the property in 1935, and petitioner has failed to show that she has possessed this property during said period without an elapse of five (5) years having run. We feel, therefore, that the period of preemption has run and that the petitioner is now without right to attack the sale except for prior payment of taxes, which has not been claimed by the petitioner. In view of our decision on the question of preemption, under the clear wording of the Constitution, the other questions raised by the petitioner have become moot. The petitioner has cited Prampin v. Southern Chemical Works, La. App., 53 So.2d 210, to the effect that where the property was occupied corporeally by the descendants of the tax debtor, the preemption period was suspended during such possession. Even if such was the holding of said case, it would not apply under our situation, as we have held that the petitioner did not hold corporeal and actual' possession of the property sufficient to suspend the running of the preemptive period.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.